## TEEL *against* YELLIS and FONDA.

In an action on the 8th section of the act to prevent champerty and maintenance, the plaintiff, in his declaration, need not negative the proviso. Where a clause or section of a statute giving an action for any offence, contains a proviso or exception, which is against the plaintiff, or is matter of defence or justification for the defendant, the plaintiff need not negative the proviso in his declaration.

THIS was an action of debt, on the 8th section of the act, (24th sess. c. 87.) to prevent and punish champerty and maintenance, in which there is the following *proviso :* " That it shall be lawful for any person, being in lawful possession, by taking the yearly rents or profits of any lands, tenements, or hereditaments, to buy or obtain, by any reasonable ways or means, the pretended right or title of any other person thereto." The declaration in this case did not negative the proviso ; and a verdict having been found for the plaintiff, a motion was made in arrest of judgment.

*Cady*, for the defendant. The 8th section of our act corresponds with the second clause of the *British* sta-

tute,* the fourth clause of which contains the *proviso* to be found in the eighth section of our act.† The declaration does not negative the *proviso* in the eighth section. The plaintiff should have averred, that he was not in possession at the time of the purchase. In *Blasdale* v. *Hewitt*,‡ it was decided, that in an action for the penalty given by the 7th section of the act regulating inns and taverns, the plaintiff ought to have negatived the proviso.§

*Gold*, contra. The declaration in this case is according to the *English* precedents which are to be found in the book of entries, in actions on the statute of 32 *Hen.* VIII. c. 9.¶ It makes no difference whether the *proviso* is in the same clause or not, if it refers to the former enacting clause for the offence. There is a distinction in the books between a proviso and an exception. In *Whitwick* v. *Osbaston*,** which was an action of debt for a penalty on the act of general pardon, it was moved in arrest of judgment, that divers persons are excepted in the act, and that the plaintiff had not shown that he was not one of the excepted persons ; but it was held, that the body of the act being general, and the persons excepted by a *proviso*, the plaintiff was not bound to show that he was not within the proviso ; though it would be otherwise, if the act had been that all persons, except such, &c. The party who claims the benefit of a proviso or condition, ought to show it, if he wishes to take advantage of it. The case of *Bennet* v. *Hurd*,†† is an answer to that of *Blasdale* v. *Hewitt*, and is conclusive as to the principle for which the plaintiff contends.

But this objection, whatever may be its effect on a demurrer, cannot prevail on a motion in arrest, after a verdict ; for the plaintiff must have proved an adverse possession, in order to entitle himself to a verdict of the jury.‡‡

*Cady*, in reply, observed, that the difference between our act and the *British* statute, was a sufficient answer to the

NEW-YORK,
May, 1809.

Teel
v.
Fonda.

* 32 *Hen.* VIII.
c. 9.
† 1 *Johns. Rep.*
345.
‡ 3 *Caines*, 137.
§ 1 *Saund.* 262.
note. 1 Lord
*Raym.* 120. 1
*Term Rep.* 141.

¶ *Rastall's Ent.*
450. *Aston*, 71.
7 *Went.* 134.

** 1 *Lev.* 26. 1.
*Com. Dig.* Act.
on Stat. (A. 3.)

†† 3 *Johns. Rep.*
438.

‡‡ 1 *Saund.* 228.
note. 1 *Sellon's*
*Pr.* 524. 4 *Burr.*
2018. 1 *Salk.*
365. note.

NEW-YORK,
May, 1809.

Teel
v.
Fonda.

\* 1 Ld. *Raym.*
120.

† 3 *Caines,* 137.

‡ 3 *Johns. Rep.*
438.

*English* precedents ; and that in the case of *Jones* v. *Ax-en,*\* it was held, that where the *proviso* was in a distinct clause, it ought to be shown by the plaintiff.

VAN NESS, J. delivered the opinion of the court. The imperfect manner in which the case of *Blasdale* v. *Hewitt,*† is reported, must have given rise to the present motion. There some of the court are represented as saying, that because the declaration did not negative the qualifications of the *proviso,* it was therefore bad. The reporter must have misapprehended the ground of that decision. *Bennet* v. *Hurd*‡ contains a correct exposition of the law on this subject. The rule is this : If the *proviso* furnishes matter of excuse for the defendant, it need not be negatived in the declaration, but he must plead it. Such is the *proviso* in the present case. It forms no part of the plaintiff's title, and affords merely an excuse to the defendant, if he had come within its purview. It would be unnecessary to proceed further, were it not that these cases are apparently irreconcilable, and it is desirable that the law should be finally and correctly settled. Serjeant *Williams,* in his note to 1 *Saund.* 262. says, " But when the exemption is contained under the proviso to a subsequent section or act of parliament, it is matter of defence, and, therefore, it is not necessary to state in the declaration, that the defendant is not within such proviso." The only inaccuracy in this remark consists in restricting the rule to provisoes contained in a subsequent section or statute, which was not warranted by the cases. In *Jones* v. *Axen,* (1 Lord *Raym.* 119.) *Treby,* Ch. J. with the concurrence of the rest of the court, says, " that where an exception is incorporated in the body of the clause, he who pleads the clause ought to plead the exception ; but when there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he shall plead the clause, and leave it to the adversary to show the proviso." The same distinction is

adopted in the case of the *King* v. *Bryan*, (2 *Str.* 1101.) that when the offence is brought within the enacting clause, and the justification comes in by way of *proviso* or exception, in the first case, it is matter of defence to be shown by the defendant; in the other case, the exception must be negatived. In *Spires* v. *Parker*, (1 *Term*, 141.) all the judges agree, that the rule is, that any one who will bring an action for a penalty on an act of parliament, must show himself entitled under the enacting clause ; and if there be a subsequent exemption, that is a matter of defence, and the other party must show it to protect himself against the penalty.

The court are of opinion, therefore, that the motion must be denied.