## The State *versus* Stephen Adams.

In an indictment for selling rum in less quantity than a gallon, without a license from the selectmen of the town, it is not necessary to allege that there were selectmen, nor that the person, so selling, had no license from the court of Common Pleas.

THIS was an indictment, and the offence was alleged as follows.   The jurors for the State of New Hampshire, on their oath present, that Stephen Adams, of Haverhill, in said county of Grafton, trader, on the 20th April, 1832, with force and arms, at Haverhill aforesaid, in the county of Grafton aforesaid, without a license, in writing, from the selectmen of said Haverhill, in which said town of Haverhill the said Adams then resided, and of which he was then an inhabitant, did sell to one James Place, one pint of rum, being a less quantity than one gallon, at and for the price of seven cents, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.

The respondent demurred to the indictment, and the Attorney General joined in demurrer.

*Bell,* for the respondent,

Insisted that the indictment was insufficient, because it was not alleged that there were selectmen of Haverhill to grant a license, and because it was not alleged that the respondent had no license from the court of Common Pleas.

RICHARDSON, C. J. delivered the opinion of the court.

Whoever attentively examines the statute on which this indictment is founded, will, at once, perceive that all which is here alleged may be true, and yet the respondent may have committed no offence.   For, although he may have had no license from the selectmen of Haverhill, he may have sold legally, under a license from the court of Common Pleas.

The first section of the statute regulating licensed houses, enacts, that, "if any person shall, at any time, without license in writing, from the selectmen of the town or place where such person resides, sell any wine, rum, gin, brandy, or other spirits, in any quantity less than one gallon—such person, so offending, shall forfeit and pay a sum not exceeding $50, nor less than $20, for the use of the county."

This indictment alleges enough to bring the case within this section of the statute.

But the third section provides, that, if the selectmen shall unreasonably neglect or refuse to license any suitable person, or in case there be no selectmen in the town or place, the court of Common Pleas may license such person to exercise the business of a taverner.

Now the question, in this case, is, whether a license from the Common Pleas ought to be negatived in the indictment, or whether, if the respondent had such license, it was not matter of defence, to be introduced by him ?

The rule is, where the exception is in the enacting clause of the statute, it must be negatived in the indictment. But where it is in a subsequent clause of the statute, it is mere matter of defence. 1 D. & E. 145 ; 2 Gallison, 497 ; Hawkins P. C. book 2, Ch. 25, Sec. 113 ; 1 East, 643 ; 1 Burrows, 153 ; 4 Johns. 304 ; 6 B. & C. 430 ; *Vavasour* v. *Ormrod* ; 7 D. & E. 27, *Gill* v. *Scrivens* ; 2 Pick. 139, *Commonwealth* v. *Maxwell* ; 1 B. & A. 94, *Steel* v. *Smith* ; and Ibid, 862, *The King* v. *Matters* ; 1 Chitty, C. L. 283.

It is, then, very obvious that the objection in this case, that the indictment does not allege that the respondent had no license from the court of Common Pleas, must be overruled. The exception is in a clause of the statute distinct from the enacting clause.

And it is very apparent that, if the respondent sold rum, as alleged in the indictment, without a license from the court of Common Pleas, he is guilty of the offence laid in the indictment, whether there were, or were not, any selectmen in Haverhill. An allegation that there were selectmen would have been therefore wholly superfluous.

*Judgment for the state.*