Judge Marshall
delivered the Opinion of the Court.
We know of no statute or other authoritative rule of practice which requires that the foreman of the grand jury shall put his name on the back of an indictment, either with or without the designation of his character as foreman. Commonwealth vs. Ripperdon, Litt. Select Cases, 194.
The statute of 1814, requires no other endorsement to be made upon an indictment found, but the words “a true bill.” (Stat. Law, 541.) If, therefore, there were no other objection to the indictment, but that it wanted the addition of ‘foreman’ to the name endorsed under the words “a true bill” — the foreman’s name and addition being signed at the foot of the indictment — we ■should not hesitate to reverse the judgment.
But on looking to the body of the indictment, we find it was intended to charge an offence under the latter clause of the tenth section of the act of 1797, concerning “public roads;” which is in these words: “and when *291 “ any fence shall be made across, or in any public road, “ the owner or tenant of the land shall pay six shillings “ for every twenty four hours the same shall be contin- “ ued. ”(2 Stat. Law, 1399.) It is plain that this statute inflicts the penalty, not for the erection of the fence' (which is undoubtedly an indictable offence at common law,) but for its continuance, for which the owner or tenant of the land is held liable, by whomsoever it may in fact have been erected. But it was clearly not intended to charge the owner or tenant for the continuance of the fence, except while he himself continues to ■ be the owner or tenant. It follows that in making out the offence intended to be punished by the statute,- the indictment should show that the defendant continued to be the owner or tenant (as the case may be,) during the time for which the offence is charged,- or at least for some definite period, during which- the fence continued-across or in the road.
An indict, upon to be construed strictly; it mast show what offence has been committed, what penalty incurred &c. by positive they appear by inference-
The present indictment charges that the defendant, on a certain day, made and- executed a fence in and across a certain part of the highway — ‘he being tenant of the land where the fence was made’ — “ and then and there suffered and permitted- the fence to be and continue &c., from said day &c., for one hundred and sixty six days” — without saying that he continued to be T • I , , r , 1 1 1 , tenant during the whole of this period, or how long he did continue to be so, or that he continued to be so for any period after the fence was erected. And, although it may be implied that it was intended to charge that he continued to be tenant during the whole period,- or at least during some part of it, it is not so charged in fact, ,. r . . . . ,. , . . And we are oi opinion that, m proceeding under a statute of so highly penal a character as this, the indictment o r, ,, . should be construed strictly. And that, unless it state expressly every fact necessary to constitute the offence, and with such certainty as to show distinctly what of-fence has been committed, and what penalty has been incurred, it is bad and no judgment can be rendered on it, against the defendant.
And, although this objection might more properly have been taken advantage of upon demurrer, than on- *292 a motion to quash, yet if this be an error at all, it cannot be deemed prejudicial to the plaintiff who could not by any means have entitled himself to a judgment, and therefore it is no sufficient ground of reversal.
Wherefore, the judgment is affirmed.