## THE STATE *v.* ABBOTT.

In indictments for offences created by statute, it is, in general, sufficient to describe the offence in the words of the statute; and if the defendant insists upon the insufficiency of such an indictment, it devolves upon him to show that, from the obvious intention of the Legislature, or the known principles of law, the case falls within some exceptions to such general rule.

Where the defendant was indicted for selling spirituous liquors, contrary to the statute, which provided that if any person, not being licensed, shall sell any spirituous liquor, wine, &c., he shall, on conviction, be fined, &c., and the exception was taken that the indictment was bad for not averring that the defendant " wilfully " sold—*held*, that the offence consisted in the sale without license, and that the term " wilfully " not being contained in the statute, it was not necessary to be averred in the indictment.

Where exceptions form a part of the enacting clause of a criminal statute, it is necessary to negative them in the indictment, in order that the description of the crime may, in all respects, correspond with the statute. But where the exceptions are contained in separate clauses or provisions of the statute, they may be omitted in the indictment, and may be shown by the defendant as matters of defence.

Where a statute provided for a license " to sell wine and spirituous liquors, for medicinal, mechanical and chemical purposes, and for no other use or purpose," and an indictment upon it alleged that the defendant, being licensed to sell for these specific purposes, did unlawfully sell one gallon of spirituous liquors, contrary to the form of the statute, without averring that the sale was *not* for medicinal, mechanical or chemical purposes—*held*, that the indictment was bad.

INDICTMENT, for a breach of the license laws.

The respondent was convicted upon four indictments, numbered for the purposes of this case, 1, 2, 3, 4.

No. 1 charges that the said Abbott, on &c., at &c., " being then and there licensed to sell wine and spirituous liquors, for medicinal, mechanical, and chemical purposes only ; did then and there unlawfully sell one gallon of spirituous liquor to one Gideon Blake, contrary to the form of the statute," &c.

No. 2 is like No. 1, but is for a sale to one Samuel E. Blake.

No. 3 avers a license, as in No. 1, and then alleges that

said Abbott " did then and there unlawfully, and not for medicinal, mechanical, or chemical purposes, or either of them, sell one gallon of spirituous liquor to one Unite Hutchins, contrary to the form of the statute," &c.

No. 4, in like manner, alleges that he " then and there did unlawfully sell one gallon of spirituous liquor to one Gideon Blake, for other purposes than those specified in his said license, and not for medicinal, mechanical, or chemical purposes, or either of them, contrary to the form of the statute," &c.

At the trial, the following objections were urged to each of the indictments : " The indictment does not allege a *scienter*—does not allege that he *wilfully* sold. It alleges that he *was* licensed, instead of averring that he was *not* licensed."

It was also objected to No. 1 and No. 2, that it did not sufficiently appear that the sale was not for medicinal, mechanical or chemical purposes. The court directed the trial to proceed, but reserved the questions for the consideration of the superior court.

The respondent also moved that judgment be arrested because of said alleged defects; and it was ordered that the questions arising in the several cases be transferred to the superior court.

*Quincy*, for the respondent.

The statute provides that selectmen of the respective towns shall license one or more suitable persons to sell wine and spirituous liquors, for medicinal, mechanical and chemical purposes only, and for no other use or purpose. Laws of 1849, ch. 846, § 1.

Also, that if any person, not being licensed as aforesaid, shall sell any spirituous liquor or wine, mixed or otherwise, in any quantity as aforesaid, he shall, on conviction, be punished by fine, not exceeding fifty dollars nor less than twenty

dollars. Rev. Stat. ch. 117, § 6, as amended by Laws of 1849, ch. 846, § 5; Comp. Stat. 270.

The enacting clause contains an exception which, by the rules of criminal pleading, must be negatived in the indictment. *The State* v. *Adams*, 6 N. H. Rep. 532; *The State* v. *Godfrey*, 11 Shep. 232; *Commonwealth* v. *Thurlow*, 24 Pick. 374; Wharton's Crim. Law 138; *The State* v. *Munger*, 15 Vt. Rep. 290.

All the indictments aver that the defendant was licensed to sell for mechanical, medicinal and chemical purposes only. The exception, then, is not negatived, but, on the contrary, the defendant is alleged to be within the exceptions.

Nos. 1 and 2 charge no such offence as corresponds with the description in the statute. The words " unlawfully sell " are not found in the statute. For aught that is alleged the sale might be for the purpose that is alleged in the license.

No allegation of unlawfulness, nor of being against the statute, nor any conclusion will make good the indictment, if it does not bring the act prohibited within the material words of the statute. Wharton's Crim. Law 138.

The statute offence is where a person sells spirituous liquors, wine, &c., without license.

In all of these cases, the defendant is sought to be charged because, having a license, he has sold in violation thereof, for sales made knowingly and designedly, in disregard of the provisions of the law.

The defendant contends, in such a case, that the offence consists in knowingly and intentionally selling spirituous liquor, to be used for other and different purposes than those set forth in his license.

The indictment should have averred such knowledge and design, and proved the averment.

If it was necessary that such knowledge and intention should be proved, it is necessary that it be averred. Whar-

ton's Crim. Law 120–232; *State* v. *Kean & a.* 34 Maine Rep. 501.

*Bryant,* for the State.

1. As to indictments Nos. 1 and 2, we say that any sale of wines or spirituous liquors, in any quantity, is a punishable offence, unless sold in strict acordance with the conditions of the license granted agreeably to the statute. Comp. Laws, ch. 123, § 5, 6. And the general scope and spirit of the law obviously embraces sales in violation of a license equally with those without a license. Such a construction is required to give consistency and efficiency to the law. *Commonwealth* v. *Thurlow,* 24 Pick. 374.

2. If it is a statute offence to sell in violation of a license, it cannot be necessary to negative the exception in the enacting clause any further than to allege the *fact* of a sale in violation of such license. To require any thing more would compel us to aver a fact which did not exist, and which, of course, could not be proved.

3. In indictments Nos. 3 and 4, the allegation is distinctly made that the sale was for other and different purposes than those embraced by the license, and not for medicinal, mechanical or chemical purposes, or either of them.

This is obviously sufficient, since the averment embraces every fact necessary to constitute a statute offence. Nor is it necessary to allege any more fully the *scienter.*

It is alleged that the respondent *sold* for other and different purposes, &c.

The act is his, and when a party voluntarily does an illegal act, it is not necessary to allege that he knowingly or wilfully did the same, unless those or similar expressions enter into the statute definition of the offence.

But the statute contains no such terms, and, as the indictments charge a deliberate violation of law, the *scienter* need not be alleged in any other terms.

It is only necessary that the indictments should bring the

prohibited act within the material words of the statute. Wharton's Crim. Law 138.

There can be no doubt that it was the intention of the Legislature to make all sales of wines and spirituous liquors illegal, excepting only those made under a license, and in accordance with its provisions.

If this be so, an averment that the party sold without a license, or .that having a license for specific purposes, he sold for objects not protected by the license, must be sufficient.

Any other rule of construction would practically render the statute a dead letter; and a license would impose no restrictions upon the traffic, but would, in fact, give impunity to the most flagrant violations of the very spirit and essence of the law.

EASTMAN, J. In *The State* v. *Perkins*, 6 Foster's Rep. 9, it was held that a person who is licensed to sell wine and spirituous liquors, under the act of 1849, for medicinal, mechanical and chemical purposes, and for no other use or purpose, is liable to a penalty, if he sells spirituous liquors for any other purpose than those specified in the act. This respondent, Abbott, was indicted under the same act, and upon that decision is liable to penalties, if the indictments against him are sufficient.

It is objected that the indictments do not allege that the defendant " wilfully " sold the liquors, and that they are bad on that account. The section of the statute .upon which these indictments are founded is as follows : " If any person, not being licensed, shall sell any spirituous liquor or wine, mixed or otherwise, in any quantity as aforesaid, he shall, on conviction, be punished by fine not exceeding fifty dollars nor less than twenty dollars." Comp. Stat. ch. 123, § 6.

In indictments for offences created by statute, it is, in general, sufficient to describe the offence in the words of the statute, and if, in such case, a defendant insists upon the insufficiency of such an indictment, it devolves upon him

to show that, from the obvious intention of the Legislature, or the known principles of law, the case falls within some exception to such general rule. *The State* v. *Little*, 1 Vt. Rep. 331; *Whiting* v. *The State*, 14 Conn. Rep. 487; *United States* v. *Batchelder*, 2 Gall. 437; *Respublica* v. *Trier*, 2 Yeates 451; *The State* v. *Hickman*, 3 Halstead 299; Wharton Crim. Law 91.

In Pennsylvania, an indictment for arson, charging that the defendant did "feloniously, unlawfully and maliciously set fire," &c., was held to be sufficient without the word "wilfully," though "wilfully" was included in the description of the offence given in the act constituting it. *Chapman* v. *Commonwealth*, 5 Wharton 427. This decision, however, would seem hardly to be sustained by the general current of authorities. 1 Hale 220; *Rex* v. *Davis*, Leach 556; *Rex* v. *Turner*, 1 Wood C. C. Rep. 239.

It will be observed that the statute upon which these indictments are founded does not contain the term "wilfully," or any other equivalent term. It makes the offence to consist in the illegal sale itself; and if a sale is made contrary to the statute and without license, the seller is liable, even though he may be ignorant of the law, and have no intent to violate the statute of the State. It is not an essential part of the offence that the sale be made wilfully and with the intent to break the law; and inasmuch as the statute does not contain the term, it is, in our opinion, unnecessary to be so alleged in the indictment.

Where the words of a statute are descriptive of the offence, the indictment must follow the language, and expresly charge the described offence on the defendant. 1 Chit. Pld. 357; 1 Hale 535; Foster 424; 1 Leach 264; 1 East P. C. 419; 2 Hale 189, 190; 2 Ld. Raymond 791; 2 Burr. 679; 1 Term 222; *United States* v. *Lancaster*, 2 McLean 431; *State* v. *Gibbons*, 1 Southard 51; 3 Dyer 363.

It is also necessary that the defendant be brought within all the material words of the statute, and nothing can be

taken by intendment. *State* v. *Foster,* 3 McCord 442; *State* v. *O'Bannon,* 1 Bailey 144; Wharton's Crim. Law 91. And in all cases of offences *mala prohibita,* the indictment is to be construed strictly. Defects in the description of the offence will not be aided by verdict, nor will the conclusion *contra formam statuti* cure it. The indictment must show what offence has been committed and what penalty incurred. 2 Hale 170; Com. Dig. Information D.; *Lee* v. *Clarke,* 2 East 333; *Rex* v. *Jukes,* 8 Term 536; *Commonwealth* v. *Walters,* 6 Dana 291; *State* v. *Briley,* 8 Porter 472. So it has been held that no allegation of unlawfulness, nor of being against the statute, nor any conclusion will make good the indictment, if it does not bring the fact prohibited or commanded, in the doing or not doing of which the offence consists, within the material words of the statute. *State* v. *Loftin,* 2 Dev. & Bat. 31.

Provisoes and exceptions which are contained in distinct clauses of the statute, need not be stated in the indictment, for these are matters of defence which the prosecutor need not anticipate, and which are more properly to come from the prisoner. *State* v. *Adams,* 6 N. H. Rep. 534; *Commonwealth* v. *Maxwell,* 2 Pick. 139, 141; *Rex* v. *Jarvis,* 1 East 643, note; 1 Burrows 148; 1 East's P. C. 166; 1 Chit. Cr. Law 283; 2 Hale 171; 1 Term 145; 4 Johns. 304; *Gill* v. *Scrivens,* 7 Term 27; 6 B. & C. 430; *Steel* v. *Smith,* 1 B. & A. 94; *Matthews* v. *The State,* 2 Yerger 233; *State* v. *Sommers,* 3 Vt. Rep. 156.

But where the exceptions form a part of the enacting clause, it is necessary to negative them in the indictment, in order that the description of the crime may, in all respects, correspond with the statute. 2 Hale 170; 1 Burr. 148; 1 Chit. Pl. 357; 1 East 646, notes; Foster 430; *State* v. *Munger,* 15 Vt. Rep. 290.

In *Commonwealth* v. *Thurlow,* 24 Pick. 380, which was an indictment for selling spirituous liquors without license, *Shaw,* C. J., says: " The court entertain no doubt that it is

The State *v.* Abbott.

necessary to aver in the indictment, as a substantive part of the charge, that the defendant, at the time of the selling, was not duly licensed."

In *Commonwealth* v. *Maxwell*, 2 Pick. 141, *Putnam*, J., says: " The rule is, that where the enacting clause describes the offence, with certain exceptions, it is necessary to state all the circumstances which constitute the offence, and to negative the exceptions; but where the exceptions are contained in separate clauses or provisions of the statute, they may be omitted in the indictment, and may be shown by the defendant as matters in defence."

Upon these principles, which we hold to be law, were these indictments good ? We think that two of them were, and that two were not. The statute provides (Comp. Stat. ch. 123, § 5,) that " the selectmen of the respective towns shall license one or more suitable persons to sell wines and spirituous liquors, for medicinal, mechanical and chemical purposes, and for no other use or purpose." And by the next section, which we have before quoted, it is provided that if any person, not being licensed, shall sell, in any quantity, as aforesaid, he shall, on conviction, be punished, &c.

In Nos. 1 and 2 of these indictments, the allegation was that the defendant, being licensed, &c., did unlawfully sell. This was not sufficient. The selling *without* license is what the statute makes the offence to consist in; the selling for purposes not specified in the license; and all the substantive provisions of the enacting clause, as set forth in the section, should be stated, in order to make the indictment good. The statute provides for a license to sell " for medicinal, mechanical and chemical purposes, and for no other use or purpose." The indictments aver a license and sale, and in order to make that sale illegal and punishable, the averment should exclude the conclusion that the sale might have been made under the license. It should be definite, that it was made for purposes *not* specified in the statute and in the license.

Nos. 1 and 2, not containing this necessary averment, are bad, and judgment must be arrested upon them.

Nos. 3 and 4, we think, will answer. In both, the sales are declared to be unlawful, contrary to the statute, and *not* for medicinal, mechanical or chemical purposes, or either of them. This excludes the conclusion to which the other indictments were liable ; and upon these there should be

*Judgment on the verdicts.*