## Case No. 15,929.

UNITED STATES v. ONE DISTILLERY.

[4 Biss. 26.] [1]

District Court, D. Indiana. May Term, 1865.

FORFEITURES—INFORMATION—AVERMENTS—ILLICIT DISTILLATION.

1. An information under the Internal Revenue Law claiming a forfeiture of a distillery, and things connected with it, for a violation of that law, must describe with reasonable certainty the things on which a judgment of forfeiture is asked. It is not sufficient to describe them as "all the boilers, stills, and other vessels used in the distillation of spirits, and all the distilled spirits—being about twelve barrels—now in the distillery owned by Samuel W. Walts."

[Cited in U. S. v. Fifteen Barrels of Distilled Spirits, 51 Fed. 423.]

2. A pleading on a statute is not required to negative an exception in a proviso to it.

3. An information of this kind must aver that the property sought to be adjudged forfeited, was used in the illicit distillation charged, or (being spirit) was the product of such distillation.

John Hanna, U. S. Dist. Atty.

McDONALD, District Judge. This is a proceeding in rem, for the forfeiture of "all

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the boilers, stills, and other vessels used in the distillation of spirits," and twelve barrels of distilled spirits, the property of Samuel W. Walts. The forfeiture is claimed on the ground that Walts has failed to comply with certain provisions of the internal revenue law concerning distillers of spirits.

The information contains four counts, attempting to charge four distinct violations of the revenue law. Walts appears and files two separate demurrers—one to the whole information, and one to each of its counts severally.

Without inquiring whether a demurrer is the proper method of testing the validity of an information in the nature of a libel in rem, we will proceed to inquire whether the objections urged against this information are valid.

1. Under the general demurrer to the whole information. it is objected that the property proposed to be forfeited is not sufficiently described. It is described thus: "All the boilers, stills, and other vessels used in the distillation of spirits, and all the distilled spirits —being about twelve barrels—now in the distillery, owned by and (until seized) in the possession of Samuel W. Walts, and situated in the township of Greenville, county of Floyd, and state of Indiana."

The rules of pleading in this kind of cases are very lax as to matters of form. As to matters of substance, however, the better opinion is that "every fact and circumstance material in law to the maintenance of the suit must be set forth with precision, clearness, and reasonable certainty." Conk. Treat. 516; The Hoppet v. U. S., 7 Cranch [11 U. S.] 389; The Caroline v. U. S., Id. 496; The Anne v. U. S., Id. 570. There is no good reason why an information of this kind should not be as clear and certain as a declaration in an action at common law. At common law, the declaration must describe goods and chattels, when they are subjects of the suit, with reasonable particularity and certainty; and it must generally state their quantity and number. Steph. Pl. 296. A declaration in trover or replevin, for divers horses or cattle, without stating their number, would doubtless be bad. In the present case the information does not state how many boilers, stills, or other vessels are claimed to have been forfeited. It, indeed, describes the spirits which it claims had been forfeited as being "about twelve barrels." But this is too loose a description either of the quantity or number. For these reasons I think that the whole information is defective.

2. It is objected that the information does not, by proper averments, take the case out of the operation of the statute of limitations. The act on which this prosecution is founded, after declaring the offense and forfeiture, adds this proviso: "Provided. that such seizure be made within thirty days after the cause for the same shall have come to the knowledge of the collector or deputy collector; and that proceedings to enforce said forfeiture shall have (been) commenced by such collector within twenty days after the seizure thereof." 13 Stat. 248. The rule is, that if the exception is contained in the enacting clause, the pleading must negative it; but that if it is superadded, by way of proviso, the party who would avail himself of it, must do so by a pleading setting up the proviso. 1 Chit. Pl. 223; Teel v. Fonda, 4 Johns. 304; Smith v. Moore, 6 Greenl. 278. Therefore, if Walts would avail himself of this proviso, he must do it by pleading, not by demurring.

3. The first count of the information charges that, from the first of May till the fifteenth of July, 1864, said Walts was "engaged in distilling spirits" without having procured from the proper collector any license authorizing him to do so, and without having made any application to the proper assessor for such license. There are several fatal objections to this count. It is bad for not stating that the distilling charged was done in the use of the property sought to be adjudged forfeited. The count, indeed, avers that Walts "was engaged in distilling spirits"; but it fails to inform us whether in doing so he used the implements sought to be forfeited, and whether the twelve barrels of spirits claimed to have been forfeited were the product of the illicit distillation charged. All the other counts of the information are equally defective for the same reasons. And a particular examination of them would, therefore, serve no good purpose.

The demurrers are sustained.

NOTE. That, in pleading, it is not necessary to negative a proviso in the statute, consult The Mary Merritt [Case No. 9.222], opinion by Drummond, J. Com. v. Fitchburg Railroad Co.. 10 Allen, 189; Matthews v. State, 24 Ark. 484; Kline v. State, 44 Miss. 317. As to particularity. consult U. S. v. Scott [Case No. 16,241], and U. S. v. Prescott [Id. 16,084].