The evidence consisted of the testimony of the plaintiff in his own behalf, that of the defendant in his own, and that of one witness called by the plaintiff, whose testimony was confined to certain admissions alleged to have been made by the defendant, and which admissions were applicable to but one item of plaintiff's bill of particulars.

Upon an examination of the evidence it is quite apparent that had the jury believed all of the testimony of the defendant, and disbelieved all that of the plaintiff, they would have found a much larger verdict than they did. On the other hand, had they believed all of the plaintiff's testimony, and disbelieved that of the defendant, the finding would have been for the plaintiff. To say the least of it, there was evidence on both sides. The whole controversy was based upon questions of fact, and was fairly submitted to jury. Therefore, upon no principle recognized by courts of error can the verdict of the jury be disturbed.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.

———————

17   145
21   557

## EX PARTE A. F. EADS.

Complaint before Magistrate. A complaint in a criminal prosecution must be sufficiently specific to negative the innocence of the party sought to be charged with an offense. And when the statute makes it a crime to injure growing trees, "the property of another," it is necessary that the ownership of the injured property be alleged, giving the name of the true owner.

ORIGINAL application for habeas corpus.

*Hazlett & Bates,* for the application.

*William Leese, Attorney General, contra.*

10

BY THE COURT.

This is an original application to this court for a writ of *habeas corpus.* The application alleges that A. F. Eads is unlawfully deprived of his liberty by the sheriff of Gage county upon a mittimus issued by a justice of the peace of said county, and that said Eads is not charged with the commission of any offense. Copies of the complaint and mittimus are attached to the application. The complaint and mittimus allege that the said Eads, on the twenty-fourth day of August, 1884, in the county of Gage and state of Nebraska, "did unlawfully, feloniously, willfully, maliciously, and without lawful authority, enter upon the farm of Mathias Joseph and cut down and destroy fruit and shade trees to the amount of $44. Said trees were grown on the farm of said Joseph, in Gage county, Neb."

Section 88 of the criminal code, under which the applicant is prosecuted, is as follows: "If any person or persons shall willfully and maliciously, and without lawful authority, box, bore, bark, girdle, saw, cut down, injure, or destroy, to the amount in value of thirty-five dollars or upwards, any fruit, ornamental, shade, or other tree or trees, standing or growing in any orchard, nursery, or grove the property of another, every such person or persons shall be imprisoned in the penitentiary and kept at hard labor not more than ten years, nor less than one year, and shall moreover be liable to the party injured in double the amount of damages by him sustained."

It is not alleged in the complaint or mittimus that the trees alleged to have been injured were the property of any other person than the party charged with their destruction. The principal element of the crime, as defined by the statute, is, that the trees alleged to have been injured must have been "the property of another." If it was not, no crime has been committed. In a complaint or indictment the innocence of the party sought to be charged must at least be negatived. It was not done in this case.

Other objections are urged to the allegations—or rather the want of allegations—in the complaint and mittimus, but they need not be further noticed. It is clear that no offense is charged. The person for whom the application is made must be discharged.

JUDGMENT ACCORDINGLY.

ENOCH BRADSHAW, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Bill of Exceptions:** AFFIDAVITS. Affidavits filed as evidence in the district court must be certified to the supreme court by a proper bill of exceptions, and be thus made a part of the record, or they cannot be considered.

2. **Juror:** CONVICTIONS ON SUBJECT OF CAPITAL PUNISHMENT. If a juror, on his *voir dire* examination in a case depending upon circumstantial evidence, answer that his convictions are such as would preclude him from returning a verdict of guilty where the punishment would be death, it is good ground of challenge for cause on the part of the state. *St. Louis v. State*, 8 Neb., 405.

3. **Assistant to District Attorney.** The district attorney, in a criminal trial, may have the assistance of counsel employed on private account. *Polin v. State*, 14 Neb., 540.

4. **Attorney:** ARGUMENT: REVIEWING CONDUCT ON ERROR. Where it is alleged that an attorney, in the argument of a cause on trial to a jury, made misstatements of the evidence and went outside of the record in his statements of the facts proved on the trial, the attention of the court should be called to the language and conduct of the attorney by the proper objection, and a ruling had thereon by the court. If the objection is overruled and an exception taken the question may be reviewed in the supreme court upon the language, objection, ruling, and exception being made a part of the record by the proper bill of exceptions, but not otherwise.

5. **Instructions.** Instructions to a jury must be applicable to the