Smith v. State.

CLIFFORD B. SMITH, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Practice in Supreme Court:** HABEAS CORPUS: FILING BRIEFS. Where a habeas corpus case is brought on error from a district court the ordinary rules as to the time of filing briefs will not be adhered to, but the case will be heard as soon as practicable after the petitioner's brief is filed.

2. **Criminal Law:** COMPLAINT. A complaint must charge explicitly all that is essential to constitute the offense, and it cannot be aided by intendments.

3. ———: FUGITIVE FROM JUSTICE: COMPLAINT. Section 330 of the Criminal Code contemplates that the charge of the crime against the person to be arrested and delivered up must be made in the state where the offense was committed. The charge must be to some court, magistrate, or officer in the form of an indictment, complaint, or other accusation known to the laws of such state or territory, and a complaint made before a magistrate in this state which fails to allege that such charge is pending against the accused in the state where it is alleged the offense was committed will not confer jurisdiction on such magistrate.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Sawyer & Snell,* for plaintiff in error.

*J. E. Philpott,* for defendant in error.

MAXWELL, CH. J.

On the 4th day of March, 1887, the plaintiff was arrested by a policeman of the city of Lincoln, on a telegram, and lodged in the city jail, where he remained until the 9th of March, when between 10 and 11 o'clock at night he was removed to the county jail. He was imprisoned in the city jail from the 4th to the 7th of March without any warrant for his arrest having been issued. On the 7th of March the following information was filed:

"THE STATE OF NEBRASKA ⎱ In the police court of the
          vs.          ⎰ city of Lincoln, Lancas-
     C. B. SMITH.          ter county, Nebraska.

"THE STATE OF NEBRASKA, ⎱ ss.
     Lancaster County,    ⎰

"The complaint and information of J. K. Post, of the county of Lancaster, made before me, A. F. Parsons, judge of the police court, within and for the city of Lincoln, Lancaster county, Nebraska, on this 7th day of March, A.D. 1887, who, being duly sworn, on his oath says that C. B. Smith is now within said last named county and city, and that said Smith stand charged with the commission of a criminal offense against the laws of the territory of Dakota, which if committed in this state would by the laws thereof have been a crime, and said Smith is now a fugitive from justice, contrary to the form of the statute in that behalf provided and against the peace and dignity of the state of Nebraska.                    J. K. POST.

"Subscribed in my prescnce and sworn to before me this 7th day of March, A.D. 1887.

          "A. F. PARSONS,
     Police Judge of the City of Lincoln."

Upon this complaint being filed an examination of the plaintiff herein was thereupon had, and he was remanded to prison. A copy of the commitment will be found in the answer and return of A. C. Langdon to the writ of habeas corpus hereafter referred to.

On the 10th day of March the plaintiff presented a petition to a judge of the district court of Lancaster county for a writ of habeas corpus, which writ was duly issued on said day, to which the party having said plaintiff in custody made the following answer and return:

"STATE OF NEBRASKA, ⎱ ss.
     Lancaster County,  ⎰

"A. C. Langdon, for answer and return to said writ, states that Clifford B. Smith, on the 9th day of March,

A.D. 1887, was placed in his custody by virtue of a warrant of commitment, by authority of which he now holds said Smith in custody, of which the following is a copy:

"THE STATE OF NEBRASKA  ⎫
        vs.        ⎬
    C. B. SMITH.    ⎭

"In Police Court of the City of Lincoln, Nebraska.

"THE STATE OF NEBRASKA,  ⎫
    Lancaster County.    ⎬ SS.

"The State of Nebraska to the keeper of the jail of said county, greeting:

"You are hereby commanded to receive into the jail of said county C. B. Smith, and him safely keep, unless sooner discharged by due course of law, he having been brought before the undersigned police judge in and for said city, on the 7th day of March, 1887, charged in writing, on the oath of J. K. Post, with the commission of a criminal offense against the laws of the territory of Dakota, which, if committed in the said state of Nebraska, would, by the laws thereof, have been a crime, and that the said Smith is now a fugitive from justice from the said territory of Dakota, and on the day first aforesaid, having been by the court duly advised in the premises, found and adjudged guilty of the offense with which he stands charged, and ordered and adjudged to be committed to the county jail of Lancaster county, until discharged by due process of law, and be delivered to some suitable person to be removed therefrom to said territory of Dakota, the proper place for the further prosecution of this cause. You will make return of this writ and of your proceedings thereunder as required by law.

"Witness my hand this 9th day of March, 1887.

                "A. F. PARSONS,
                      Police Judge.

"And said A. C. Langdon further says upon informa-

tion and belief that the said Clifford B. Smith now stands charged, and that a warrant has been duly issued for his arrest for the crime of grand larceny and malicious mischief, having been committed by him in the county of Fall River, in the territory of Dakota, during the year 1886. That said county of Fall River is five hundred miles northwest from Lincoln, Nebraska, and that Hot Springs, the county seat of said Fall River county, is situate from Bismarck, the capital of Dakota, by the usual mail route, about 900 miles. That H. A. Goddard, sheriff of Fall River county, received on the 9th day of March the first telegram from said J. K. Post, that the said Smith had been examined and held by said police judge as a fugitive from justice from said territory of Dakota; that upon the receipt of said telegram one E. D. Norton, the duly authorized district attorney for said Fall River county, on said 9th day of March, made up and forwarded to the governor of said territory at Bismarck an application for a requisition from the executive of the state of Nebraska for the said Clifford B. Smith, and that on the 9th day of March said H. A. Goddard, sheriff as aforesaid, left said town of Hot Springs for Lincoln, Nebraska, and is now here awaiting for a reasonable time to elapse for the transmission to him by the governor of Dakota of his application and demand of said governor of Nebraska for a requisition and delivery thereunder of the said Smith to him as the agent duly authorized therefor, and that such reasonable time has not yet elapsed.

"A. C. LANGDON,
*Keeper of the County Jail of Lancaster County, Nebraska.*"

On the hearing the district court refused to discharge the plaintiff, and caused him to be remanded to the jail of said county.

He then filed a petition in error in this court in order that the judgment of the district court might be reviewed. The attorney for the defendant in error contends that he

cannot be compelled to submit the cause until more than fifteen days have elapsed from the time of filing the petition in error. In answer to this objection it is sufficient to say that the ordinary rules governing civil actions do not apply. If the plaintiff is unlawfully restrained of his liberty as he contends, the case should be heard with all convenient speed, and a determination had as to the nature of the alleged unlawful restraint. The court therefore will not delay the hearing of the case.

2. It will be observed that the plaintiff is charged "with the commission of a criminal offense against the laws of the territory of Dakota, which, if committed in the said state of Nebraska, would, by the laws thereof, have been a crime, and that the said Smith is now a fugitive from the said territory of Dakota." The nature of the crime is not set out. This question was before the supreme court of Ohio, in *Lamberton v. State*, 11 Ohio, 284, where it is said: "It is a rule of criminal law, based upon sound principles, that every indictment should contain a complete description of the offense charged. That it should set forth the facts constituting the crime, so that the act cused may have notice of what he is to meet; of the ac- done, which it behooves him to controvert, and so that the court, applying the law to the facts charged against him, may see that a crime has been committed.

"A contrary doctrine would deprive the accused of one of the means humanely provided for the protection of innocence." An indictment must charge explicitly all that is essential to constitute the offense. It cannot be aided by intendments, but must positively and explicitly state what the prisoner is called upon to answer. *State v. Seay*, 3 Stewart, 123; *Com. v. Waters*, 6 Dana, 290. This is specially the case in criminal prosecutions of the grade of felony. *Kit. v. State*, 11 Humph., 167; *Bulloch v. State*, 10 Ga., 46; *Stephen v. State*, 11 Ga., 225; *State v. Hand*, 1 Engl. (Ark.), 165; *State v. Wilson*, 2 Const. (S. C.), 135;

*State v. Henderson,* 1 Rich, 179; *State v. Wimberly,* 3 Mc-Cord, 190; *State v. Philbrick,* 31 Maine, 401; *State v. Fields,* Mart. & Yerg., 137; *Com. v. Clark,* 6 Gratt., 675; *Markle v. The State,* 3 Ind., 535; *Lambert v. The People,* 9 Cowen, 579; 1 Archbold's Criminal Practice and Pleading, 265 (8 ed.); *Ex parte Eads,* 17 Neb., 145; Maxwell's Crim. Pro., 284, 286.

The complaint, therefore, is wholly insufficient.

3. Section 330 of the criminal code provides that "When an affidavit shall be filed before any judge of a district court, or any judge of probate or police court, or any justice of the peace, within this state, setting forth that any person charged with the commission of any criminal offense against the laws of any other state, or any of the territories of the United States, and which, if the act had been committed in this state, would, by the laws thereof, have been a crime, is at the time of filing such affidavit within the county where the same may be filed, it shall be lawful, and it is hereby made the duty of such judge or justice of the peace to issue his warrant, directed to the sheriff or any constable of the county, commanding him forthwith to arrest and bring before the officer issuing such writ the person so charged."

The word "charged" in the statute contemplates that the person arrested and delivered up committed the offense in another state, and is in such state charged either by indictment, information, or accusation known to the law of such state before some court, magistrate, or officer thereof.

In *State v. Hufford,* 28 Iowa, 391, the information charged substantially that the defendant, James Hufford, was guilty of murder in the second degree, committed in Knox county, Illinois, by producing an abortion upon one L. L. Strayer, a pregnant woman, which caused her death. It contained no averment that the accused was charged with the crime in the county where it was committed, and contained nothing further than the allegations of the commission of the

crime by the accused, and the place, time, and manner of its commission. The court, by Beck, J., after citing the provisions of the Constitution of the United States, and the act of congress, February 12th, 1793, says: "It is quite clear that our statute, being enacted in aid of the foregoing constitutional and statutory requirements of the United States, contemplates that a charge of the crime against the person to be arrested and delivered up must be made in the state where the offense was committed. This charge must be made to some court, magistrate, or officer, in the form of an indictment, information, or other accusation known to the laws of the state in which the offense was committed. We conclude, therefore, that unless the accused in this case was so · charged, the magistrate had no jurisdiction. *Ex parte Smith*, 3 McLean, 121; *Ex parte Clark*, 9 Wend., 212; *Matter of Heyward*, 1 Sandf., 701."

The same ruling was made by the supreme court of California in *Ex parte White*, 29 Cal., 433, and by the supreme court of Nevada in *Ex parte Lorraine*, 16 Nev., 63, and by the supreme court of Missouri in *State v. Swope*, 72 Mo., 399. These cases, in our view, state the law correctly. The charge referred to in the statute means a prosecution lawfully instituted against the defendant, and then pending, and the complaint must set forth the essential facts to show that such charge is pending, otherwise a magistrate in this state will acquire no jurisdiction by the filing of the complaint.

A form of complaint will be found in Practice in Justices' Court (4th ed.), p. 586.

While it was not necessary to the decision of this case, the plaintiff filed a certificate from the private secretary of the governor stating that up to the 30th day of March no application for extradition of the plaintiff had been made by the governor of Dakota, thus giving strength to the presumption that no prosecution is pending against the plaintiff in such territory.

The judgment of the district court is reversed and the prisoner discharged.

JUDGMENT ACCORDINGLY.

THE other judges concur.