## BOOTH v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. March 15, 1912.)

### No. 2,069.

1. INDICTMENT AND INFORMATION (§ 53*)—INDORSEMENT OF WITNESSES' NAMES —NECESSITY.

Under Carter's Ann. Code Cr. Proc. Alaska, § 270, defining an information, the names of witnesses for the prosecution need not be indorsed thereon.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 162; Dec. Dig. § 53.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Intoxicating Liquors (§ 216*)—Sales Without License—Information—Sufficiency—Description of Liquor.**

An information under Carter's Ann. Code Cr. Proc. Alaska, § 472,. charging that accused engaged in the sale of intoxicating liquors without a license, is sufficient without naming any particular liquor.

[Ed. Note.—For other. cases, see Intoxicating Liquors, Cent. Dig. §§ 230–233; Dec. Dig. § 216.*]

**3. Intoxicating Liquors (§ 217*)—Sales Without License—Information—Sufficiency—Quantity Sold.**

An information under Carter's Ann. Code Cr. Proc. Alaska, § 474, for selling intoxicating liquor without a license, is not insufficient for failing to allege the quantity sold.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 234, 235; Dec. Dig. § 217.*]

**4. Intoxicating Liquors (§ 218*)—Unlawful Sales—Information—Sufficiency—Payment of Price.**

An allegation that intoxicating liquor has been unlawfully sold imports payment of the price therefor.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 236;. Dec. Dig. § 218.*]

**5. Intoxicating Liquors (§ 219*)—Unlawful Sales—Information—Requisites—Name of Purchaser.**

An information for unlawfully selling intoxicating liquor is not subject to be quashed because it fails to name the buyer.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 237–239; Dec. Dig. § 219.*]

**6. Intoxicating Liquors (§§ 202, 203*)—Unlawful Sales—Information—Requisites—Scienter.**

An information under Carter's Ann. Code Cr. Proc. Alaska, § 472, for selling intoxicating liquor without a license, need not allege a scienter or a criminal intent.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 222, 223; Dec. Dig. §§ 202, 203.*]

**7. Costs (§ 322*)—Nonpayment—Imprisonment.**

Under Carter's Ann. Code Cr. Proc. Alaska, § 190, which provides that a judgment requiring payment of a fine shall direct that defendant be imprisoned until the fine be satisfied, etc., imprisonment for nonpayment of costs is unauthorized.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1202–1206; Dec. Dig. § 322.*]

In Error to the District Court of the United States for the Third Division of the District of Alaska.

C. R. Booth was convicted of selling liquor without a license, and he brings error. Modified and affirmed.

L. V. Ray, of Seward, Alaska, for plaintiff in error.

George R. Walker, U. S. Atty., of Valdez, Alaska.

J. Lindley Green, Asst. U. S. Atty., of Seward, Alaska.

Robert T. Devlin, U. S. Atty., and Benjamin L. McKinley, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILBERT, Circuit Judge. The plaintiff in error was convicted upon an information charging him with the violation of section 472 of Carter's Annotated Code of Criminal Procedure of Alaska, which prescribes a penalty for selling liquor, without a license. The information was as follows:

"J. Lindley Green, assistant United States attorney for the Third Division of the District Court of Alaska, informs the court: That the defendant, C. R. Booth, is guilty of the crime of engaging in the sale of intoxicating liquors without having procured a license of the District Court for the Third Division of the District of Alaska, or any division thereof, so to do. That said crime was committed as follows, to wit: That the said C. R. Booth, at Girdwood, in Kenai precinct, in the Third Division of the District of Alaska, he, the said C. R. Booth, not having procured a license from the District Court for the District of Alaska, Third Division, or any division thereof, to engage in the sale of intoxicating liquors at retail, did, on the fifteenth day of February, nineteen hundred and eleven, engage in the sale of intoxicating liquors at retail, all contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America.

"Dated at Valdez, in the district and division aforesaid, the 7th day of March, nineteen hundred and eleven.　　　　　　J. Lindley Green,

　　"Assistant United States Attorney for the District of Alaska,
　　　　　　　　　　　　　　　　　　　"Third Division."

"United States of America, District of Alaska, Third Division—ss.:

"J. Lindley Green, being first duly sworn, on oath deposes and says: That he is assistant United States district attorney for the District of Alaska Third Division; that he has read the foregoing information; knows the contents thereof and that the said complaint is true.　　　　J. Lindley Green.

"Subscribed and sworn before me this 7th day of March, 1911.

　　　　　　　　　　　　　　　"Don A. Stewart,
　　　　　"Notary Public in and for the District of Alaska,
　　　　　　　　　　　　　　　"Residing at Valdez. [Seal.]

The plaintiff in error made no demand for a bill of particulars, but moved to set aside, quash, and vacate the information for the reason that the same failed to inform the plaintiff in error of the nature and cause of the accusation against him, or to exhibit the names of the witnesses upon whose testimony it was based. A motion was made in arrest of judgment on similar grounds.

[1] It is urged that the information was insufficient, in that no name of any witness was indorsed thereon, that the information does not state on its face a description of the intoxicating liquors alleged to have been sold, nor the quantity thereof, nor the name of the purchaser thereof or the price paid therefor, and that it fails to state that said liquor, if sold, was not sold for medicinal, mechanical, or scientific uses, and that it does not identify any particular act charged so as to enable the accused to meet the same. The case of State v. Warren, 41 Or. 348, 69 Pac. 679, is cited to the proposition that the information is fatally defective for want of indorsement thereon of the names of witnesses. That decision, however, was based upon a statute enacted February 17, 1899, which provided:

"That the name of each witness examined on oath or affirmation by a district attorney in support of any information shall be inserted at the foot of such information or endorsed thereon before the same is filed; otherwise the testimony of such witness can not be heard against the defendant at the trial of such information."

There is no such provision in the Criminal Code of Alaska. It is true that it is therein provided that, when an indictment is found, the names of the witnesses examined before the grand jury must be inserted at the foot of the indictment or indorsed thereon, but there is no similar provision in the section of the Code which authorizes the prosecution of offenses by information. Section 270, c. 31, of the Criminal Code, declares:

"That an information is the allegation or statement made before a magistrate and verified by the oath of the party making it that a person has been guilty of some designated crime."

The information in this case complies with that statute.

[2-6] As to the other objections to the information, it may be observed, first, that in describing the liquor sold it is generally sufficient to follow the language of the statute on which the prosecution is founded, and that the information may describe the liquor as spirituous or intoxicating liquor without naming any particular liquor (23 Cyc. 228, and cases there cited); second, an allegation as to the quantity sold is never necessary where the quantity of liquor sold is entirely immaterial to the particular offense charged (23 Cyc. 230, and cases there cited); third, the allegation that liquor has been sold sufficiently imports the payment of a price therefor (23 Cyc. 231); fourth, it is the decided weight of authority that an indictment which is otherwise sufficiently certain will not be quashed merely because it fails to name the purchaser of the liquor (23 Cyc. 232; Myers v. People, 67 Ill. 503; Junction City v. Webb, 44 Kan. 71, 23 Pac. 1073; State v. Munger, 15 Vt. 290; Osgood v. People, 39 N. Y. 449; State v. Bodeckar, 11 Wash. 417, 39 Pac. 645; State v. Chisnell, 36 W. Va. 659, 15 S. E. 412; United States v. Gordon, 1 Cranch, C. C. 58, Fed. Cas. No. 15,233; State v. Wingfield, 115 Mo. 428, 22 S. W. 363, 37 Am. St. Rep. 406); and, fifth, it is not necessary to allege a scienter or a criminal intent unless the statute expressly includes knowledge or intent as an ingredient of the offense (McCutcheon v. People, 69 Ill. 601; Bacot v. State, 94 Miss. 225, 48 South. 228, 21 L. R. A. [N. S.] 524, 136 Am. St. Rep. 574; State v. Abbott, 31 N. H. 434). In the case last cited, the court said:

"It will be observed that the statute upon which these indictments are founded does not contain the term 'willfully,' or any other equivalent term. It makes the offense to consist in the illegal sale itself; and, if a sale is made contrary to the statute and without license, the seller is liable, even though he may be ignorant of the law, and have no intent to violate the statute of the state. It is not an essential part of the offense that the sale be made willfully and with the intent to break the law; and, inasmuch as the statute does not contain the term, it is, in our opinion, unnecessary to be so alleged in the indictment."

[7] Error is assigned to the judgment and sentence in that the plaintiff in error is adjudged to pay a fine of $250 and the costs of the prosecution taxed at $850.05, and that he be confined in jail until the said fine and costs are paid, not to exceed one day for every $2 of said fine and costs. It is contended that the law does not authorize such imprisonment for the nonpayment of costs. Section 190 of chapter 19 of the Criminal Code provides:

"That a judgment that the defendant pay a fine must also direct that he be imprisoned in the county jail until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine."

Section 192 provides:

"That a judgment that the defendant pay money, either as fine or as costs and disbursements of the action or both, must be docketed as a judgment in a civil action, and may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced: Provided, that where the judgment directs that the defendant shall be imprisoned until the fine or penalty imposed is paid, the issue of an execution on the judgment shall not operate to discharge the defendant from imprisonment until the amount of the judgment is collected or otherwise paid."

The general rule is that the defendant cannot be imprisoned for costs in the absence of express statutory authority therefor. 11 Cyc. 291, and cases there cited. The question here is whether the proviso contained in section 192 above quoted should be construed to mean that legislative authority is given for such imprisonment for costs. The meaning of the proviso is somewhat obscure, but in view of the express terms of section 190 which authorizes imprisonment only until the fine shall be satisfied, and the first clause of the proviso, which refers to a judgment "that the defendant shall be imprisoned until the fine or penalty imposed is paid," we do not think that the last clause should be held to enlarge or change the prior clear and unambiguous provisions.

The judgment, therefore, will be so modified as to strike therefrom that portion thereof which provides for imprisonment of the plaintiff in error until the costs be satisfied. In other respects the judgment is affirmed.