## CANOE PASS PACKING CO. et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1921.)

No. 3507.

1. **Indictment and information ⊚═110(57)—Indictment for unlawful fishing, in language of statute and regulation thereunder, held sufficient.**

Under Comp. Laws Alaska, 1913, § 264, and an order of the Secretary of Commerce, promulgated thereunder, regulating fishing in Alaskan waters, an indictment, charging that on a specified date and at a described point defendants unlawfully fished with a set net within 600 feet laterally of another set net, was sufficient, as it charged the offense in the language of the statute and the regulation, especially in view of section 2159, providing that no indictment is insufficient because of defects in matters of form not prejudicing defendants' substantial rights on the merits.

2. **Indictment and information ⊚═121(2)—Bill of particulars should be demanded, when further information needed by defendants.**

Where an indictment for unlawfully fishing with a net within 600 feet of another net was sufficient, if defendants needed further information for their defense, their remedy was to demand a bill of particulars.

3. **Customs and usages ⊚═4—Custom modifying statutory regulation in force for only a few months not established.**

Where an order of the Secretary of Commerce, under Comp. Laws, Alaska, 1913, § 264, prohibiting fishing nets within a lateral distance of 600 feet, had only been in force a few months, no custom or usage giving the fisherman first on the ground, making his location and putting up location notices, a prior right to fish, could have been established.

4. **Fish ⊚═3—No exclusive right of fishing or using nets at specified points under Alaskan laws.**

The laws and regulations concerning fishing in Alaskan waters do not give exclusive rights of fishing or of using set nets at specified points, and there remains in the general public a common right to fish in all the public waters of the territory.

5. **Fish ⊚═13(2)—Persons placing nets within prohibited distance of others violated law, though on their locations before the other fishermen.**

Under a regulation of the Secretary of Commerce, pursuant to Comp. Laws Alaska 1913, § 264, prohibiting fishing nets within 600 feet of each other, and prohibiting fishing prior to 6 a. m. of June 5th of each year, parties placing a set net after that hour within the prohibited distance of another lawfully there violated the law, though they had made locations and posted location notices several weeks earlier, and before any other fishermen were at the lake.

6. **Fish ⊚═13(2)—Placing of net held to violate statute, whether or not fish were caught; "fishing."**

Under a fishing regulation prohibiting set nets within 600 feet of each other, parties who laid a set net within 600 feet of another were "fishing," within the meaning of the statute, and violated the regulation, whether or not they caught any fish.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fishing.]

7. **Fish ⊚═13(2)—Where parties simultaneously placed nets within prohibited distance, one replacing his net held to have violated law.**

Under a fishing regulation prohibiting set nets within 600 feet of each other, parties simultaneously placing their nets 25 feet apart were both violators of the law, and defendants, who replaced their net after it had been carried away by the ice, were guilty of violating the law.

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; Charles E. Bunnell, Judge.

The Canoe Pass Packing Company and another were convicted of unlawful fishing, and they bring error. Affirmed.

Bogle, Merritt & Bogle, of Seattle, Wash., and B. O. Graham and Edward F. Medley, both of Cordova, Alaska, for plaintiffs in error.

William A. Munly, U. S. Atty., of Valdez, Alaska.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were convicted under four counts of a joint indictment, each count charging them with the crime of fishing with a set net in Miles Lake, Alaska, within 600 feet laterally of another set net. By section 264 of the Compiled Laws of Alaska for 1913 the Secretary of Commerce and Labor was empowered in his discretion to set aside streams or lakes in which fishing might be limited or entirely prohibited, and to establish a closed season; all persons interested to be given a hearing, after notice by publication or otherwise. After such a hearing the Secretary of Commerce promulgated an order, to be effective January 1, 1918, one of the provisions of which was that commercial fishing was prohibited in waters of Miles Lake from 6 a. m. on January 1 to 6 a. m. of June 5 of each year. Said the order:

"All fishing in Miles Lake shall be limited to stake nets and set nets. No such nets shall exceed 600 feet in length, and only one such net shall be extended out from shore from one location. No offshore nets shall be permitted in the lake. The lateral distance interval between all nets in Miles Lake shall be not less than 600 feet."

Section 271 of said Compiled Laws provides the punishment for violation of any regulation established in pursuance of the act. The counts of the indictment are identical, except as to the points on Miles Lake at which the offenses are alleged to have been committed. The first count charges that the plaintiffs in error on June 10, 1918—

"at a point three-quarters of a mile northeast of the entrance of the Copper river into Miles Lake, on the north shore of said Miles Lake, * * * did unlawfully fish with a set net in Miles Lake in said territory and division, within 600 feet laterally of another set net, contrary to the form of the statute in such case made and provided, and of the regulations duly promulgated, and against the peace and dignity of the United States of America."

[1] A demurrer was interposed on the ground that the indictment in each count is not direct and certain as regards the particular circumstances of the crime charged, and omits particular circumstances necessary to constitute a complete crime, that it does not substantially conform with section 2158 of the Compiled Laws of the territory, in that the acts sought to be charged are not clearly or distinctly set forth in ordinary and concise language in such a manner as to enable a person of common understanding to know what is intended, and that the defendants were deprived of the right to be informed of the nature and cause of the accusation, contrary to the provisions of the Sixth Amendment to the Constitution.

[2] The demurrer was properly overruled. The indictment charg-

ed the offense in the language of the statute and regulation which define it. Such an indictment is ordinarily sufficient, and we see no reason why it should be held insufficient in the present case. If the defendants needed further information for their defense, their remedy was to demand a bill of particulars. Each count of the indictment apprised them of the nature of the offense with which they were charged, and the date when and the place where it was alleged to have been committed. The Compiled Laws of Alaska by section 2159 provide that no indictment is insufficient by reason of a defect or imperfection in matter or form "which does not tend to the prejudice of the substantial rights of the defendant upon the merits." United States v. Simmons, 96 U. S. 366, 24 L. Ed. 819; Peters v. United States, 94 Fed. 127, 36 C. C. A. 105; Booth v. United States, 197 Fed. 283, 116 C. C. A. 645; Thlinket Packing Co. v. United States, 236 Fed. 109, 149 C. C. A. 319.

[3-5] The evidence was that on May 17, 1918, three fishermen in the employment of the defendants arrived at Miles Lake, and erected stakes and posted notices at the four points mentioned in the four counts of the indictment, claiming such sites as location for set nets for fishing; that they erected tents at each of the locations, and remained and occupied the same until after June 5, 1918. At the time when they took possession of the locations and posted notices, they were the only occupants of the shore around the lake, but a day or two later certain fishermen employed by the Abercrombie Packing Company appeared on the ground and drove similar stakes within 600 feet of those previously driven for the defendants. The defendants rely upon the acts of their employés in thus taking possession and posting notices as giving them a prior right to the use of the points so selected for the purpose of setting fixed nets.

The rulings of the court below, in denying that contention and in excluding testimony offered to show a custom adopted by the fishermen in that section of Alaska for securing fishing locations, are assigned as error. The offer was to prove a custom and usage that, when a fisherman went on the ground and made his location, by putting up a stake with location notices and attaching a net thereto, and thereafter living on that location, he acquired a right to fish there. But it is obvious that no such custom or usage could have been established in the few months of the life of the statute. The laws and regulations concerning fishing in Alaskan waters do not undertake to give exclusive rights of fishing, or to license the use of set nets at specified points on the shores of streams or lakes, and there remains in the general public a common right to fish in all the public waters of the territory.

"As a general proposition a claim of an exclusive right to fish in a certain part of navigable waters must be based on some statutory enactment of the state having jurisdiction over such waters, though, if the right is one which may be granted, a legal grant may be presumed from a prescriptive user." 11 R. C. L. 1026.

We think that the court below correctly ruled that—

"The law provides no method by which, through occupation or attempted occupation prior to said hour and date, one can initiate any exclusive right to a designated place or point on the shore of said Miles Lake."

The defendants rely upon the rule of the court of Alaska in Columbia Salmon Co. v. Berg, 5 Alaska, 538, Harris & Co. v. Thlinket Packing Co., 5 Alaska, 493, and Thlinket Packing Co. v. Harris & Co., 5 Alaska, 471. The statute on which the rights of the defendants in those cases depended did not relate to a closed season of fishing. It related only to the nature of permissible fixed fishing appliances and the location thereof. It provided that it should be unlawful—

"to drive or construct any trap or any other fixed fishing appliance within 600 yards laterally or within 100 yards endwise of any other trap or fixed appliance."

The court held that as to fishing traps actually constructed the law of possession applies, and that he who is prior in time should be adjudged to be prior in right, for, said the court in the case last cited:

"Any one who actually incloses a space of water, and is in the actual use and occupation of it for fishing purposes, may maintain his inclosure as against any one who cannot show a better right; but this is so because he has an actual possession, a possession which, if it were land, would be called a pedis possessio. He has his foot upon that part of the ocean, and he is using it for the purpose for which it is fit, and consequently he has a superior right, because he is there first."

It is to be observed there is no time limit in the statute which the court there construed, and that the only way in which a right to maintain a fishing trap could be acquired was by taking possession and constructing the trap. But, under the law which we have to consider in the present case, no right could begin prior to a specified day and hour, and he who after that hour placed in the water a set net within the prohibited distance from another set net which was lawfully there was guilty of a violation of the law.

[6] Error is assigned to instructions, in which the jury were told that the defendants were charged with violation of fishing regulations, and that if they set or laid a set net simultaneously with the laying or setting of a set net by any other corporation or person within 600 feet laterally thereof, at or after 6 a. m. of June 5, 1918, then the defendants would be guilty of an offense, and to further instructions of a similar nature, which it is said were erroneous for the reason that the jury were not told that they must also find that the defendants fished with these nets so set or laid; the contention being that the offense of fishing is not committed merely by setting or laying set nets in the lake. We find no merit in the contention. In order to violate the law, it was not necessary to prove that the defendants caught fish. They were fishing, within the meaning of the statute, when they placed the nets in the water for the purpose of taking fish. Moses v. Raywood, 2 K. B. 271, Ann. Cas. 1912A, 311.

[7] As to count 3, the undisputed evidence was that the employés of the defendants and the employés of the Abercrombie Company started out at 6 o'clock a. m. of June 5 from points on the shore about 25 feet apart and rowed with their boats simultaneously, that immediately after the defendants' net was anchored it was carried away by ice and was lost, and that within a few hours thereafter the defendants replaced their net. The court was requested to instruct the jury that

if they found from the evidence that the defendants had a prior right to maintain a set net at the place described in count 3, and that within a short time after erecting a set net at that place it was carried away by ice, but was replaced by another net within a reasonable time, they did not lose their prior right to such site. There was no error in denying that instruction. When the defendants and the Abercrombie Company simultaneously placed nets 25 feet apart, both nets were placed in violation of the law, and thereafter, when the defendants, having lost their net, placed another within the prohibited distance of the Abercrombie net, they committed the offense which was charged.

It is contended that there was no evidence sufficient to convict under counts 1, 2, and 4. As to count 1, there was testimony that, at the time when the defendants' net was set out, another net had been set out by the Abercrombie Packing Company, a distance of 50 feet therefrom. As to the second count there was testimony that the Abercrombie Company set out a net at about 8:30 o'clock of June 5, and that about half an hour later the defendants put out a set net 200 feet therefrom. There was conflict in the testimony as to which of these nets was first set out, but the jury found the facts adversely to the defendants. As to count 4, there was testimony that on June 5 the defendants set out a net between two nets of the Abercrombie Company, each about 400 feet away from the defendants' net, and that the Abercrombie nets were set out about 10 minutes before that of the defendants.

We find no error. The judgment is affirmed.