## MEYERS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 3, 1924.)

No. 68.

1. **Intoxicating liquors** ⬌236(6½, 11)—Evidence held to support conviction for possessing and selling whisky.

Evidence *held* to support conviction for possessing and selling whisky.

2. **Intoxicating liquors** ⬌223(3)—Conviction under information charging sale and possession of whisky held supported by evidence showing sale of bitters.

Conviction under information charging sale and possession of intoxicating liquor consisting of "one drink of whisky" was supported by evidence showing sale of intoxicating bitters, since, under National Prohibition Act, tit. 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½), it is sufficient to describe liquor as "intoxicating liquor," and transaction can be identified by parol to bar further prosecution for same act.

3. **Indictment and information** ⬌171—Variance between allegations and proof not material, where accused not misled.

Purpose of rule requiring allegations and proof to correspond is that accused may be apprised of specific nature of charge, and no variance is material where allegations and proof substantially correspond or where variance could not mislead accused on trial.

4. **Criminal law** ⬌888—Court properly questioned foreman of jury as to finding varying from charge in order to have verdict correctly recorded.

Where information charged sale of intoxicating liquor consisting of "one drink of whisky," and foreman announced verdict as "guilty of selling bitters containing more than one-half of 1 per cent. alcohol," court properly questioned foreman in order to have verdict correctly recorded to comply with charge.

In Error to the District Court of the United States for the Southern District of New York.

August Meyers was convicted of violating National Prohibition Act Oct. 20, 1919, tit. 2, § 1, and he brings error. Affirmed.

George L. Donnellan, of New York City, for plaintiff in error.

William Hayward, U. S. Atty., of New York City (Elmer H. Lemon, Sp. Asst. U. S. Atty., of Middletown, N. Y., of counsel), for the United States.

Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

MANTON, Circuit Judge. [1, 2] The plaintiff in error was charged in three counts of an information with unlawfully, willfully, and knowingly maintaining a common nuisance in the city of New York, on July 12, 1923; also with possessing and selling at the same place one drink of whisky. After conviction on the second and third count, he sued out this writ. The proof to support this charge was given by two metropolitan police officers. They testified that the place was a former liquor saloon, fitted with a bar, with taps for beer, glasses, sink, tables, and chairs. The witness entered the saloon, asked for a glass of whisky, and the plaintiff in error, who was behind the bar, said that he had no whisky, but would sell him bitters. Thereupon he returned with a glass of whisky, making a charge of $1 therefor and ringing up the sale on the cash register. The officer said, after tasting the drink, "This isn't bitters, it's whisky," and the plaintiff said, "That's all right, don't talk so loud." Thereupon he was placed under arrest. The drink of whisky delivered was placed in a bottle and sealed, and found to be distilled spirits; a whisky containing 26 per cent. of alcohol by volume. This evidence amply supports the conviction. Error is assigned and is argued that the verdict is at variance with the information. The second count charged the possession of intoxicating liquor, to wit, "one drink of whisky." The third count charged the sale of intoxicating liquor, to wit, "one drink of whisky." The argument is that the evidence for the sale of bitters will not support a conviction when the information specifies the intoxicating liquor to be one drink of whisky. In other words, the finding that he sold "bitters" is not a finding of the sale or possession of one glass of whisky. Section 1 of title 2 of the Act Oct. 28, 1919 (Comp. St. Ann. Supp. 1923, § 10138½), uses the words "intoxicating liquor." By the terms of the act that phrase is defined as including any spirituous, vinous, malt, or fermented liquor, liquids, or compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum of alcohol by volume, which are fit for use for beverage purposes. The description of the liquor as "intoxicating liquor" follows the terms of the statute, and the possession and the sale

thereof is a violation of the act. It is not necessary to specify the particular kind of liquor possessed by the accused, and the description of it as intoxicating liquor is sufficient. Booth v. United States, 197 F. 283, 116 C. C. A. 645; United States v. Gordon, Fed. Cas. No. 15233. It has been held that an information for unlawful possession of liquors under this act need not allege the particular kind of liquor possessed by the accused, but a description of it as "intoxicating liquor" is sufficient. Massey v. United States (C. C. A.) 281 F. 293. The description of one compound in which morphine is a constituent element excludes all other compounds; the conviction must be based on proof of the compounds as alleged. Guilbeau v. United States (C. C. A.) 288 F. 732.

[3] The rule that a material variance between the evidence and the allegations of the indictment will not sustain a conviction, though technical, is sound, because based on the constitutional guaranty that an accused shall be informed of the nature and cause of the accusations against him. The purpose of the rule which requires that the allegations and the proofs must correspond is that the opposite party may be fairly apprised of the specific nature of the questions involved in the issue. No variance ought ever to be regarded as material where the allegations and proof substantially correspond or where the variance was not of a character that could have misled the defendant on trial. Washington & Georgetown R. Co. v. Hickey, 166 U. S. 521, 17 S. Ct. 661, 41 L. Ed. 1101. The liquor charged to have been sold contained a quantity of alcoholic content which is forbidden by the statute. The conviction in this case can be pleaded to a prosecution for the sale and possession of the particular liquor to the same person at the same time and place. The identity of the transaction is plain, and can be shown by parol. Bartell v. United States, 227 U. S. 427, 33 S. Ct. 383, 57 L. Ed. 583. If there was a variance, it was as to an immaterial feature of the description of the subject of the alleged forbidden transaction, and the defendant could not have been misled thereby. The transaction upon which the charge was based was identified as to time, place, and parties, and as to the liquid being intoxicating liquor. Even if the refusal of the charge was a technical error, the circumstances were such as to keep that error from being one affecting the substantial rights of the defendant, and is not

ground of reversal. 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246).

[4] Error is assigned claiming that the verdict of the jury was the result of coercion. When the jury returned to announce its verdict, the following transpired:

"The Foreman: On the first count, we find the defendant not guilty. On the second count, we find him guilty as charged. On the third count we find him guilty of selling bitters containing more than one-half of one per cent. alcohol."

To which the court replied:

"The question is, gentlemen, on the third count whether you find him guilty or not guilty. I explained it to you that, if it is intoxicating liquor fit for beverage purposes of that amount of alcohol, it is immaterial whether it is whisky or some other. You have not answered that question."

And the foreman said:

"Well, we find him guilty on the third count."

And the following took place:

"The Court: No, you have said you find him guilty of selling bitters. You do not say whether you find him guilty of selling intoxicating liquor fit for beverages purposes of that degree of alcoholic contents.

"The Foreman: I thought the words 'containing more than one-half of 1 per cent. alcohol' would cover that, your honor.

"The Court: No, they do not cover that. The question is whether you find him guilty of selling intoxicating liquors fit for beverage purposes of more than a given alcoholic quantity. You must confer among yourselves on that point and give me your answer, whether you find him guilty or not guilty. * * *

"The Foreman: Your honor, we agree that the defendant is guilty on the third count of selling liquor containing alcohol of an intoxicating nature.

"The Court: You still have not answered my question, sir.

"The Foreman: What was the question, sir?

"The Court: The charge is selling intoxicating liquors fit for beverage purposes.

"The Foreman: We all agree on that, on the third count.

"The Court: Then you find him guilty on the third count as charged?

"The Foreman: As charged.

"The Clerk: Gentlemen of the jury, listen to your verdict as it stands recorded. You say you find the defendant not guilty on the first count, guilty as charged on the second count, and guilty as charged in the third count, and so say you all."

We see no coercion or impropriety in what transpired. It is proper to have the verdict recorded corrected. The replies to the court's questions were to that end. We see no error in this.

Judgment affirmed.