### ALASKA GENERAL FISHERIES v. SMITH et al.

Third Division. Anchorage. July 13, 1927.

No. 581–A.

**1. Fish ⚏5(1)—Trap Sites—Homesteads.**

The defendant Smith claimed a prior right to erect a trap on the tide lands in front of his homestead on public land in Alaska, *held*, he had no right of fishery by reason of any homestead location he may have made.

**2. Fish ⚏10(1)—Licenses—Permit from War Department.**

A homesteader on public lands in Alaska acquires no right to fish a particular spot in navigable waters, merely because of the permit granted to him by the department to build a fish trap there, or the possession of a territorial license.

**3. Fish ⚏10(1)—Location of Trap on Tide Lands in Cook Inlet.**

Smith owned a homestead under the public land laws, fronting on the navigable waters of Cook Inlet; in March he did some work on the location of a fish trap on the tide lands in front of his homestead, but at the time that area was closed to fishing by orders of the United States fishery officials, dated on February 17, 1927. Thereafter, and on May 4, 1927, the area was released from the withdrawal order, and the plaintiff entered on the tide land tract within 2,500 feet of Smith's site and constructed its trap in compliance with the law. After the plaintiff's trap was constructed, Smith constructed a trap on his area, but within a prohibited distance from plaintiff's trap. *Held*, Smith was barred by the law from building a trap or doing anything in aid of it by the order of February 17, 1927, when he did his preliminary work in March, and after May 4, 1927, when the area was opened to fishing, the prior entry of the plaintiff and its constructed trap prior to Smith's second entry, barred him from constructing the

⚏See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trap within the prohibited distance of plaintiff's trap. Injunction issued to restrain Smith from using or fishing with his trap.

This action was brought to enjoin defendants from operating, fishing, and maintaining, at a point on Cook Inlet about one mile north of Chuit river, a trap for use in capturing salmon. The complaint has appropriate allegations, and the plaintiff now applies for an injunction against such operation by defendants pending trial.

In reply to an order to show cause, all the defendants except Frank Smith disclaimed. Evidence was introduced in support of the contentions of plaintiff and defendant Frank Smith. There was almost no conflict as to the facts, and I am satisfied that, under the facts shown, the plaintiff should be granted a preliminary injunction restraining the defendant until the trial of this action from operating, fishing, or further constructing his trap.

Donohoe & Dimond, of Valdez, for plaintiff.

L. V. Ray, of Seward, and J. S. Truitt, of Anchorage, for defendants.

HILL, District Judge. The defendant Smith acquired no right of fishery by reason of any homestead location he may have made. Columbia Canning Co. v. Hampton (C. C. A.) 161 F. 60; Columbia Salmon Co. v. Berg, 5 Alaska, 538. And he acquired no right to fish a particular spot, merely because of the permit granted him by the War Department, or his territorial license. Thlinket Packing Co. v. Harris & Co., 5 Alaska, 471.

The defendant Smith testified truthfully, I believe, that in March, 1927, with intention to commence a trap for 1927 fishing, he did some work on shore and two days' work, more or less, straightening up old stakes that had not been entirely ground off by the ice during the previous winter; but it is undisputed that, when he did that work, appropriation of the waters of Cook Inlet, where such stakes were situated, was prohibited by the Department of Commerce regulation of February 17, 1927, relating to fisheries in Alaska, which will hereafter be referred to as the "withdrawal order," prohibiting the use of traps for the capture of salmon within two miles of the mouth of Chuit river. I think the withdrawal order fore-

closed and shut off all rights to fish those waters defendant Smith may have had theretofore by reason of occupation in 1926, and that upon the modification of that order on May 4, 1927, if he wished to establish a trap at his proposed location, he had to initiate a new right by appropriation; and if, therefore, in attempting to initiate such a right, he placed his trap within the prohibited distance from another trap lawfully constructed, he was violating the law (Canoe-Pass Packing Co. v. United States [C. C. A.] 270 F. 533), and should be restrained from fishing same to the injury of such lawful trap (Harris & Co. v. Thlinket Packing Co., 5 Alaska, 493). It is undisputed that defendant's trap is within 2,500 feet of plaintiff's trap.

I find no reason to hold the plaintiff's trap unlawful. The evidence shows that it was at the site of its trap, and actively engaged in constructing it, and had it well under way before the defendant Smith had taken any steps at the site of his trap to erect a trap. There is evidence tending to show that on the 5th or 6th day of May, 1927, defendant Smith knew of the change made May 4th in the withdrawal order, by which the two-mile limit from the mouth of Chuit river was reduced to one mile. Had he at once commenced work on a trap at the point where he now is, he could have forestalled the plaintiff, who did not commence until the morning of May 7th. The defendant would not have been required to first complete his trap; but it seems to me plain that he was required to first commence it, and thereafter to proceed with reasonable diligence to complete it, in order to appropriate that fishing site. Failing in this, he acquired no rights.

Upon the plaintiff filing a bond in the sum of $5,000, it may have an injunction pendente lite as indicated above.