## HOPPER v. UNITED STATES.

### No. 10110.

Circuit Court of Appeals, Ninth Circuit.

Dec. 18, 1942.

See 142 F.2d 181.

Charlie W. Clark and E. S. Clark, both of Phoenix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty., and E. R. Thurman, Asst. U. S. Atty., both of Phoenix, Ariz., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellant appeals from a judgment sentencing him to imprisonment for two years for violation of § 11 of the Selective Training and Service Act of 1940, 54 Stat. 894, 50 U.S.C.A.Appendix, § 311, hereafter called the Act.

The pertinent portions of the indictment charge that appellant "having there-

tofore registered under the Selective Training and Service Act of 1940, on or about the 22nd day of June, A. D. 1941, and within the District of Arizona, did knowingly, wilfully, unlawfully and feloniously fail and neglect to perform the duty required of him under and in the execution of said Act, and the rules and regulations made pursuant thereto, that is to say, that the said defendant, Robert Earl Hopper, having been theretofore classified by his local draft board at Prescott, Arizona, as a conscientious objector, and found fit for general service, did then and there, knowingly, wilfully, unlawfully and feloniously fail and neglect to report as a conscientious objector for civilian work of national importance when notified so to do by his local draft board; * * *."

Appellant moved to quash the indictment on the ground that it did not "state facts sufficient to constitute a crime or offense." The motion was denied. At the conclusion of the evidence, appellant moved for a directed verdict on the ground that the "indictment is fatally defective and does not charge a public offense." This motion was also denied.

■ To constitute a crime under § 11 of the Act, the accused man must "know-ingly fail or neglect to perform [some] * * * duty required of him * * * under this Act." 50 U.S.C.A.Appendix, § 311. In order to impose a duty on a registrant under the Act, the local Selective Service Board, hereafter called Board, must classify him in one of three general classes: (a) as a combatant for "induction" into the land or naval forces of the United States (Act § 4(a), § 3(a), 50 U.S.C.A.Appendix, § 304(a), § 303(a) ; [1] (b) as one whose claim that he is a conscientious objector has been "sustained" by the Board for *"induction"* into the land or naval forces for noncombatant service (Act, § 5(g), 50 U.S.C.A.Appendix, § 305 (g),[2] and (c) as to sub-class of conscientious objectors whom the Board has "found to be conscientiously opposed to participation in such [land or naval] noncombatant service," to be *assigned* to work of national importance under *civilian* direction," (Act, § 5(g), footnote 2, supra).

As to conscientious objectors, it is apparent that they may be required to serve in noncombatant work either by *induction* into the land or naval forces or by *assignment* to work under civilian direction. Obviously, if a conscientious objector is "found" by the Board to be in class (b)

---

[1] "§ 304. *Manner of selecting men for training and service; quotas*

"(a) The selection of men for training and service under section 3 [303 of this Appendix] (other than those who are voluntarily inducted pursuant to this Act) shall be made in an impartial manner, under such rules and regulations as the President may prescribe, from the men who are liable for such training and service and who at the time of selection are registered and classified but not deferred or exempted: *Provided,* That in the selection and training of men under this Act, and in the interpretation and execution of the provisions of this Act, there shall be no discrimination against any person on account of race or color."

"§ 303. *Persons liable for training and service; number; term; status after completion of term; pay; allowances; and benefits; place of employment.*

"(a) Except as otherwise provided in this Act, every male citizen of the United States, and every male alien residing in the United States who has declared his intention to become such a citizen, between the ages of twenty-one and thirty-six at the time fixed for his registration, shall be liable for training and service in the *land or naval forces* of the United States. The President is authorized from time to time, whether or not a state of war exists, to select and *induct* into the land and naval forces of the United States for training and service, in the manner provided in this Act, such number of men as in his judgment is required for such forces in the national interest: * * *."

[2] "(g) Nothing contained in this Act shall be construed to require any person to be subject to combatant training and service in the land or naval forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Any such person claiming such exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall, if he is *inducted* into the land or naval forces under this Act, be assigned to noncombatant service as defined by the President, or shall, if he is *found* to be conscientiously opposed to participation in such noncombatant service, *in lieu of such induction,* be *assigned* to work of national importance under civilian direction. * * *" (Emphasis supplied.)

above described he cannot be assigned to serve under civilian direction, and violates no duty required of him under the Act if he fail to report for such service. Likewise, if in class (c) above described he cannot be required by the Board to be inducted to serve in the land or naval forces and if so ordered would violate no duty imposed by the Act if he failed to present himself for such induction.

■ The indictment charges only that appellant registered and was classified by the Board as a conscientious objector, found fit for general service. General physical fitness for service was determined prior to the classification as conscientious objector. If the registrant is found by the Board to be physically fit for general military service, the Board then proceeds to find whether he is a conscientious objector (1) to "combatant service" or (2) to both combatant and non-combatant military service.* The indictment does not charge that he was "found" by the Board to be, or even that he is, conscientiously opposed to noncombatant service in the land or naval forces. Hence the Board had no power to "assign" him to work of national importance under civilian direction and order him to report to such authorities. It is no violation of § 11 of the Act to fail to obey an order which the Board has no power to make.

■ The indictment also fails to charge that the appellant belongs to the limited class of human beings which the Act makes subject to selective service, namely, the class of male humans who are citizens or resident aliens who have declared their intention to become citizens, between the ages of twenty-one and thirty-six. With however great the expansion of liberal construction of criminal proceedings, it cannot be said that a defendant is estopped from asserting the absence in the indictment of a charge that he belongs to a class subject to the Selective Training and Service Act merely because it is charged that he has registered under the Act. For these reasons it was error not to quash the indictment.

■ Nor is it proper criminal pleading to describe the Board created under the Act by no more than the words "his local *draft* board." While the word "draft" may be implied from the contrast in § 10 of the Act, 50 U.S.C.A.Appendix, § 310, between the compelled "registrants and of persons who *volunteer* for induction under this Act," a particular local board must be created in a particular "county or political subdivision corresponding thereto of each State, Territory, and the District of Columbia." [3]

Such criminal prosecutions as these are based upon the violations of the orders of a local board to be created under the Act. Here no question of venue is raised, but it is advisable that in all cases there should

---

* The Regulations in this regard from the promulgation of the Selective Service Regulations until after June 22, 1941, are as follows:

"603.330 Classification before physical examination. (a) Since each registrant is to be placed in the lowest classification for which grounds are established, the local board should first determine whether the registrant belongs in some subclass in Class IV. If the registrant belongs in Class IV, he should be placed in the lowest applicable subclass. However, since the determination of the question of conscientious objection is not to be made until after the physical examination, the local board should not at this stage place any registrant in Class IV-E. * * *." Part 603 Code Fed. Reg. of the U. S. A., Supp. 1940, Titles 30-32, p. 4436.

"603.331 Classification after physical examination. (a) * * * (b) If the local board, after finding that the registrant is fit for either general or limited military service, determines that the registrant is a conscientious objector only to combatant service, the local board shall add the letter 'I' to the registrant's classification (see § 603.364) to indicate that it has made such determination. If the local board, after finding that the registrant is fit for either general or limited military service, determines that the registrant is a conscientious objector to both combatant and noncombatant service, the local board shall place the registrant in Class IV-E (see § 603.-365). * * *." Id. 4437.

3 "§ 310. *Administrative provisions*

"(a) The President is authorized—

"(1) to prescribe the necessary rules and regulations to carry out the provisions of this Act;

"(2) to create and establish a Selective Service System, and shall provide for the classification of registrants and of persons who volunteer for induction under this Act on the basis of availability for training and service, and shall establish within the Selective Service System civilian local boards and such other civilian agencies, including appeal boards and agencies of appeal, as may be necessary to carry out the provisions of this Act. There shall be created one or

be alleged the creation, existence and county of jurisdiction of that board, in conformity with the provisions of the Act.

The judgment is reversed.

MATHEWS, Circuit Judge, concurs in the result.

more local boards in each county or political subdivision corresponding thereto of each State, Territory, and the District of Columbia. Each local board shall consist of three or more members to be appointed by the President, from recommendations made by the respective Governors or comparable executive officials. * * *"