## UNITED STATES v. ABRAHAMSON.
### No. 1834 Cr.

District Court of Alaska. Third Division. Anchorage.
April 21, 1945.

Raymond E. Plummer, Asst. U. S. Atty., of Anchorage, for plaintiff.

Karl Drager, of Anchorage, for defendant.

DIMOND, District Judge.

The defendant was indicted in two counts for violation of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq. The first count charges failure to appear for induction when ordered to do so, and the second count charges failure to appear for pre-induction physical examination when ordered to do so. Otherwise the counts are similar. The charging part of the first count is as follows:

"The said Harold William Abrahamson, on or about the 30th day of July, 1943, within the jurisdiction of this Court, then and there being a registrant under the Selective Training and Service Act of 1940, with the Local Selective Service Board No. 13, at Unalaska, Alaska, did wilfully, knowingly, feloniously and unlawfully fail and neglect to perform a duty required of him under and in the execution of said Act and the rules and regulations made pursuant thereto in that, having been classified by his local board, the same being Local Board No. 13, at Unalaska, Alaska, in Class 1-A, and having been theretofore duly ordered and notified by said Local Board to report for induction on the 30th day of July, 1943, pursuant to the powers conferred upon such Board by the 'Selective Training and Service Act of 1940, as amended' and the rules and regulations duly made pursuant thereto, the said Harold William Abrahamson did

then and there wilfully, feloniously, knowingly and unlawfully fail and neglect to report for induction as he was required to do by said order, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

Counsel for the defendant has filed a demurrer to each count upon the ground that the same does not state facts sufficient to constitute a cause of action, the specifications being, (a) that neither count directly and distinctly charges a duty to be performed by the defendant; (b) that neither count contains a sufficient averment of jurisdiction of the defendant under the Act; (c) that neither count shows adequately that the crime was committed within the Territory of Alaska; (d) that neither count contains an averment as to the place where the defendant was required to report, or that such place was within the Territory of Alaska; (e) that neither count contains sufficient information to enable the defendant to prepare adequately for trial; (f) that neither count contains sufficient particulars to be pleaded in bar of another prosecution for the same cause; and (g) that neither count adequately pleads the creation, existence and jurisdiction of the local board.

In support of the demurrer specific reliance is placed by defendant upon the failure of the indictment to charge, in either count, the exact place to which the defendant was required to report.

Many of the adjudications on similar questions in other courts are not even persuasive, by reason of the fact that in Alaska criminal cases are tried under the provisions of our own "circumstantial" code. See Summers v. United States, 231 U.S. 92, 34 S.Ct. 38, 4 Alaska Fed. 143, 58 L. Ed. 137.

The provisions of the Alaska code with respect to indictments, sections 5206 to 5294 inclusive, Compiled Laws of Alaska 1933, outline a plain and simple procedure in harmony with modern judicial opinion and practice. The

highly technical requirements for indictments required in former days are largely dispensed with. Moreover, where the indictment, although sufficient under our code, does not furnish the defendant the information to which he is entitled before proceeding to trial, the court may, upon application, require the government to supply such information by bill of particulars. That the practice in this respect is well settled is indicated in Vedin v. United States, 257 F. 550, 4 Alaska Fed. 747, certiorari denied 250 U.S. 663, 40 S.Ct. 11, 4 Alaska Fed. 813, 63 L.Ed. 1196; and Canoe Pass Packing Co. v. United States, 270 F. 533, 5 Alaska Fed. 25. From the case last cited the following is quoted:

"If the defendants needed further information for their defense their remedy was to demand a bill of particulars." 270 F. at page 535, 5 Alaska Fed. 25.

The Circuit Court of Appeals for the Ninth Circuit recently considered similar alleged defects with respect to indictments. In the case of Hopper v. United States, 9 Cir., December 18, 1942, 142 F.2d 167, 169; Id., 9 Cir., December 6, 1943, 142 F.2d 181, in the opinion by Judge Denman, the court at first reversed the judgment of the lower court and directed a new trial upon the ground that the indictment was insufficient, saying:

"It is advisable that in all cases there should be alleged the creation, existence, county and jurisdiction of that board, in conformity with the provisions of the Act."

In the Hopper case the material part of the indictment was as follows:

"The Grand Jurors of the United States, impaneled, sworn, and charged at the term aforesaid, of the Court aforesaid, on their oath present, that Robert Earl Hopper, having theretofore registered under the Selective Training and Service Act of 1940, on or about the 22nd day of June, A.D. 1941, and within the said District of Arizona, did knowingly, wilfully, unlawfully and feloniously fail and neglect to perform the duty required of him under and in the execution of said Act, and the rules and regulations

made pursuant thereto, that is to say, that the said defendant, Robert Earl Hopper, having been theretofore classified by his local draft board at Prescott, Arizona, as a conscientious objector, and found fit for general service, did then and there, knowingly, wilfully, unlawfully and feloniously fail and neglect to report as a conscientious objector for civilian work of national importance when notified so to do by his local draft board; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America." Footnote, 142 F. at page 184.

Shortly thereafter, on May 22, 1943, the same court, speaking through Judge Wilbur, departed at least in principle from the opinion in the Hopper case, with Judge Denman, who had given the opinion in the Hopper case, dissenting. This was the case of Crutchfield v. United States, 9 Cir., 142 F.2d 170. Probably in view of the conflict of opinion which is indicated in the opinions and the dissenting opinions in the two cases last mentioned, the court ordered a rehearing of the Hopper case and it was heard en banc before Circuit Judges Wilbur, Garrecht, Denman, Mathews, Stephens and Healy. The opinion rendered December 6, 1943, with Judge Denman alone dissenting, reverses the original decision of the same court in that case, sustains the indictment and affirms the judgment of the lower court. It will be observed that four of the six circuit judges sitting joined in the opinion, and Judge Mathews concurred in the result, Judge Denman alone dissenting. In the Hopper case it clearly appears from the footnote appearing on page 184 of 142 F.2d that the question of the sufficiency of the indictment was clearly brought to the attention of the trial court both on a motion to quash the indictment and on a motion for a directed verdict, and, therefore, both the trial court and the Circuit Court of Appeals passed directly on the sufficiency of the indictment.

It will be seen from a comparison of the indictment in the Hopper case and the indictment in the case at bar, that

almost every alleged defect appearing in the case at bar also could be urged against the indictment in the Hopper case.

An illuminating and scholarly discussion of the subject is to be found in Myers v. United States, 8 Cir., 15 F.2d 977. In view of the dissenting opinion of Circuit Judge Booth in that case, it should be observed that the majority opinion has since been consistently followed by the Circuit Court of Appeals for the Eighth Circuit. Touhy v. United States, 8 Cir., 88 F.2d 930.

It is rightly pointed out in the Myers case that parol evidence is often resorted to upon a plea of autrefois convict or acquit. In fact, parol evidence is necessary in numerous cases in order to determine whether the person charged has been previously acquitted or convicted of the crime for which he is being put to trial.

Some further light is furnished by the Circuit Court of Appeals for the Ninth Circuit in two cases arising in Alaska. Griggs v. United States, 9 Cir., 158 F. 572, 3 Alaska Fed. 1; Booth v. United States, 9 Cir., 197 F. 283, 3 Alaska Fed. 800.

■■ Each of the counts of the indictment in the case under consideration is sustained and the defendant's demurrer as to each is overruled and exception allowed. But in order that the defendant may not be put to any disadvantage in preparing for the trial, the Court, sua sponte, directs the United States Attorney to prepare and serve forthwith upon the defendant and file herein a bill of particulars stating expressly the place at which the defendant was required to report under the charge in each of the counts. This may be done by inserting in the bill of particulars, or attaching thereto as exhibits, copies of the order of induction, as regards Count I of the indictment, and the order to appear for pre-induction physical examination as regards Count II.