## MILLER
v.
## SNUG HARBOR PACKING CO.
No. A–9867.

District Court, Alaska
Third Division, Anchorage.
June 18, 1954.

Wendell P. Kay, Anchorage, Alaska, for plaintiff.

John E. Manders, Anchorage, Alaska, W. C. Arnold, Seth W. Morrison, Seattle, Wash., for defendant.

FOLTA, District Judge.

This is another contest in the perennial race for fish trap sites on Cook Inlet. Whether priority of right is held to turn on the occurrence of some event, the doing of a certain act, or the expiration of time, the only effect on the race, fraught with dangers of violence and bloodshed, will be to fix a new starting point.

In the instant case the plaintiff, having commenced the construction of his trap first, seeks a preliminary injunction against the defendant's continuation of the construction of its structure, subsequently initiated, and relies on such cases as Thlinket Packing Co. v. Harris & Co., 5 Alaska 471; Harris & Co. v. Thlinket Packing Co., 5 Alaska 493; Columbia Salmon Co. v. Berg, 5 Alaska 538, 539; Alaska General Fisheries v. Smith, 7 Alaska 635; Fisher v. Everett, D.C., 66 F.Supp. 540, 11 Alaska 1; General Fish Co., Inc., v. Markley, D.C., 105 F. Supp. 968, 13 Alaska 700.

■ The defendant contends that no right can be acquired in a site by erecting a fish trap until the opening of the fishing season, which this year is 6:00 a. m., June 25th, and that the decisions antedating the Act of June 6, 1924, 48 U.S.C.A. § 221, are no longer controlling because the limitations of the prior law did not include a limitation on time, and in support thereof cites Canoe Pass Packing Company v. U. S., 9 Cir., 270 F. 533.

I am of the opinion that this view is correct and that those decisions should accordingly be limited to situations where there is an actual or threatened interference with the occupation of the site. In the instant case I am unable to find such interference.

■■ This leaves for consideration the question whether the occupant of a trap site has any other right which may be infringed by the construction of a trap within the prohibited distance. The only other right that he could have is that of fishing the site, but this inures to him only upon the opening of the fishing season. This is the necessary implication of Canoe Pass Packing Company v. U. S., supra. In attempting to avoid that implication the plaintiff has assumed that the gear there dealt with was not fixed. This is erroneous. There is no material difference between an ordinary trap and a stake net. Both are fixed appliances. It should also be noted that the law does not prohibit the erection of any structure within the specified distance but only of a *trap* or *fixed fishing appliance*, thus implying that the devices erected within the prohibited distance of each other must be complete and be capable of being fished before they may be seized for violation of the law or the use of the offending one enjoined.

The conclusion arrived at makes it unnecessary to discuss the contention of the defendant that the plaintiff has come into

court with unclean hands because he is maintaining his structure in violation of 33 U.S.C.A. § 406, prohibiting the erection of obstructions to navigation.

Accordingly, the complaint is dismissed.