**SNUG HARBOR PACKING CO.**

v.

**MILLER et al.**

No. A–9973.

District Court, Alaska,
Third Division, Anchorage.

Aug. 12, 1954.

John E. Manders, Anchorage, Alaska, and W. C. Arnold, Seattle, Wash., for plaintiff.

Wendell P. Kay, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

The original parties to this suit occupied the opposite roles in Miller v. Snug Harbor Packing Co., D.C., 121 F. Supp. 939. There the defendant in the instant case sought to enjoin the present plaintiff from continuing the construction of its fish trap in a manner which allegedly would interfere with or prevent the construction of its fish trap. The court held that under the doctrine of Canoe Pass Packing Co. v. U. S., 9 Cir., 270 F. 533, the right to fish did not accrue until the opening of the season and that therefore the only right which can be interfered with before the season opens, is the right to continue in the occupancy of a site upon which the construction of a trap has been commenced, and found that the plaintiff had failed to prove any interference, actual

or threatened, with the construction of his trap.

In the present case the plaintiff seeks to enjoin the defendant Miller from interfering with the plaintiff's right to fish its trap by setting a net within the prohibited distance thereof, thereby subjecting both to seizure and the parties to criminal prosecution. After it developed at the hearing upon the application for a preliminary injunction that the remaining defendants were business associates of Miller and had acted in concert with him, they were joined as defendants and, pursuant to stipulation, the case was then heard on the merits.

Sec. 233, Title 48 U.S.C.A., so far as pertinent, provides that:

"It shall be unlawful to lay or set any seine or net of any kind within one hundred yards of any other seine, net, or other fishing appliance which is being or which has been laid or set in any of the waters of Alaska, or to drive or to construct any trap or any other fixed fishing appliance within six hundred yards laterally or within one hundred yards endwise of any other trap or fixed fishing appliance."

Sec. 109.12 of the regulations for the Protection of the Commercial Fisheries of Alaska for 1954, promulgated under the authority vested in the Secretary of Interior by Sec. 221, Title 48 U.S.C.A., provides that:

"The distance by most direct water measurement from any part of one gill net or seine to any part of another gill net, seine, or trap shall not be less than 600 feet."

A race of the kind dealt with in this, as well as in the previous case, is run only where the rival claimants have their fishing appliances erected, or intend to set their gear, within the prohibited distance. Even when enforcement personnel of the Fish & Wildlife Service is present, the practice of the Service is to seize the offending appliances or gear and arrest the operators rather than make a determination of priority, and so the contestants inevitably find themselves in court. In the instant case it appears that officers of the Service, being aware of the impending race, arrived on the scene in time to observe it. The contestants synchronized their watches and upon the opening of the season at 6 o'clock a.m., June 25th, each placed his gear or trap into operation as speedily as possible. Apparently the officers thought the finish was so close as to preclude their making a decision on the spot, and hence resorted to their usual practice of seizing the gear and trap. It appears that in finding themselves unable to determine the winner of the race they were influenced by the view that until the aprons in the heart of a trap have been raised or lowered to prevent the escape of salmon and the tunnel of the pot opened, the trap is not fishing. This view, however, is assailed by the plaintiff which contends that the one who first commences to place his trap or gear into operation is entitled to prevail even though the last step in this process is not completed until after competing gear has commenced to fish.

The defendants Miller and Wightman would prevail under the first view, and the plaintiff under the latter. It is arguable that when the aprons are raised, as in the instant case, the trap, at least the heart thereof, is in a condition to capture fish, but it must be admitted that they are more effectively impounded in the pot, which they enter through the tunnel from the heart. However, a similar observation may be made as to nets. It appears that until all the folds and slack in the net are eliminated by drawing it taut, it too is not fully effective. Indeed, Sec. 109.9 of the regulations requires nets to be operated substantially in a straight line.

Sec. 234, Title 48 U.S.C.A. provides that:

"Throughout the weekly closed season prescribed above the gate, mouth, or tunnel of all stationary and floating traps shall be closed, and twenty-five feet of the webbing or net of the 'heart' of such traps

on each side next to the 'pot' shall be lifted or lowered in such manner as to permit the free passage of salmon and other fishes."

It should be pointed out that the "twenty-five feet of the webbing or net of the 'heart'" is the apron.

Should the aprons not be lifted or lowered as provided in the foregoing statute the trap is subject to seizure and the operator to prosecution. The plaintiffs argue that this suffices to show that the trap is fishing as a matter of law when the apron is lowered or raised so as to prevent the free passage of salmon and other fishes, whereas the defendants argue that the offense is not illegal fishing, but the obstruction or prevention of the passage of fish.

■■■ The first question for decision, therefore, is whether the right to fish as between two or more contestants whose traps or gear is within the prohibited distance, goes to him who first commences to put the gear or trap into operation. Since a net is deemed to be fishing as a matter of law when it, or any part thereof, has been placed in the water during the closed season for the purpose of catching fish, Canoe Pass Packing Co. v. U. S., 9 Cir., 270 F. 533, 536, it is argued that as soon as any part of the net is placed in the water it is fishing. I am of the opinion that while this is the test that must be applied to illegal fishing operations if violations are to be successfully prosecuted, it is not the test to be applied in determining who first commenced to fish legally. But it is unnecessary to indulge in any further discussion of what, in the case of particular gear, may constitute the first step in the act of fishing, because in the instant case the movie film clearly shows that in any event, the first step in the act of placing the trap in a fishing condition was taken before the defendants Wightman and Miller were able to get

their motor started. It may not be amiss, however, to point out that since equality of opportunity is implicit in all laws conferring rights or privileges, it follows that the race is not always to the swift or to the one who employs a type of gear which may be set more speedily. If the contrary view should be adopted, then the slower types of gear, though equally sanctioned by the law, would soon be eliminated from the scene. For these reasons and also because it is simpler and easier to apply, and therefore would insure greater certainty in the determination of priority, to say nothing of its influence in promoting peace and order by discouraging the "jumping" of sites, I am of the opinion that the test which should be adopted is that one who first commences to put his appliance or gear into operation, be it the raising or lowering of an apron of a trap or placing a net or portion thereof in the water, is entitled to fish the site exclusively as long as he continues to occupy the site and operate his trap or gear.

■■■ Applying the test to the evidence, it clearly appears from the movie film introduced in evidence that the plaintiff took the first step * * * that of raising the apron * * * before the defendants Miller and Wightman were able to get the motor on their skiff started which it was necessary to do before their net could be placed in the water, and hence I conclude that the plaintiff is entitled to injunctive relief against them.

So far as the defendant Cooper is concerned, I find that the plaintiff has failed to prove that either it or Yuth had preceded Cooper in commencing fishing operations so as to make Cooper's fishing unlawful by reason of setting his net within the prohibited distance of the plaintiff's trap or Yuth's net, and hence injunctive relief as to Cooper must be denied.