[Civ. No. 24799.   Second Dist., Div. Two.   Feb. 28, 1961.]

GEORGE JOHN HUBER, Appellant, v. PEEK-A-BOOT, INC. (a Corporation) et al., Respondents.

Robert W. Driscoll for Appellant.

Ralph B. Herzog, Eugene S. Ives, Grayce M. Smith and Anthony J. Ward for Respondents.

FOX, P. J.—Plaintiff appeals from a judgment of dismissal following the sustaining of a demurrer to his second amended complaint without leave to amend.

Plaintiff alleges four causes of action; in the first three he seeks to recover damages on the theory of fraud and misrepresentation on the part of the defendants; in the fourth he alleges a conspiracy among all the defendants to do the acts alleged in the first three.

In the fall of 1952, plaintiff was employed by Peek-A-Boot, Inc. (whose true name is Plastix Footwear Corp.), and was bonded for fidelity by Fireman's Fund Indemnity Company. Defendant Pollock—who is not involved in this appeal—was the dominant and controlling shareholder and managing officer

of the defendant corporation. Defendant Spar is an attorney. At all times herein mentioned, plaintiff and defendant Pollock and the corporation were his clients. In December 1952, plaintiff "borrowed" some instruments belonging to defendant corporation. While said instruments were in plaintiff's possession, Peek-A-Boot made a claim against the indemnity company for the loss of such instruments through the asserted dishonesty of plaintiff. It is also alleged that during this period defendants were engaged in a dispute with Mr. and Mrs. Elbert Davis and Plas-Kem Corporation, which was a competitor of Peek-A-Boot, Inc.; that defendants, in connection with this dispute, desired plaintiff to make a written statement, under oath, wherein he would admit taking certain plastic raw materials belonging to Peek-A-Boot, in collusion and cooperation with Plas-Kem Corporation and Mr. and Mrs. Davis. Plaintiff further alleges that on or about August 11, 1953, defendants conspired and agreed among themselves to take advantage of the confidential relationship then existing between plaintiff and defendants and, through false and fraudulent representations, undue influence, and threats of criminal prosecution, induced plaintiff to sign a statement, under oath, wherein he confessed to the theft of the defendant corporation's tools; and that he had participated, with Mr. and Mrs. Davis and Plas-Kem, in the theft of raw plastic materials from said defendant corporation; that defendants made numerous representations to him which, essentially, were to the effect that said confession would not be used in any litigation or in any way to his damage or detriment; that the statements made in said confession were untrue, and that the making of said false confession under oath constituted perjury. Plaintiff also alleges that notwithstanding the representations of the defendants, they nevertheless used said confession as a basis for a suit by Peek-A-Boot, Inc., against plaintiff in the superior court of Los Angeles County (No. 624820) to recover for his asserted thefts from defendant corporation. On April 5, 1954, Peek-A-Boot, Inc., obtained a default judgment against plaintiff in that action in the amount of $9,555.28. Plaintiff further states that as a result of said confession, Fireman's Fund Indemnity Company, which had previously executed a fidelity bond in his behalf in favor of Peek-A-Boot, Inc., filed an action in the superior court of Los Angeles County (No. 649812) against him, and on November 3, 1955, obtained a judgment in the sum of $4,542.51 and costs. Also, based upon said false confession, Peek-A-Boot,

Inc., filed an action against Plas-Kem, the Davises, and plaintiff herein (No. 622457) in the superior court of Los Angeles County.

On September 18, 1954, plaintiff alleges, defendants, through fraudulent representations and undue influence, abuse of trust, and misuse of their confidential and fiduciary relationships, induced plaintiff to make a false deposition under oath. As in the case of the false confession, these representations to plaintiff were essentially to the effect that said deposition would not be used in any litigation or in any manner to his damage or detriment; that notwithstanding said fraudulent misrepresentations, this deposition was used in the last mentioned suit, and that it was, in fact, false and untrue, and constituted perjury on the part of plaintiff herein.

It is clear from plaintiff's pleading that both the confession and deposition were false, and that he knew each to be false at the time he made it. In fact, his pleading shows that he committed perjury, a felony, upon each occasion. ■■ This raises the question as to whether a court will lend assistance to a person who bases his claim for recovery upon his own illegal acts. The law is clear that the court will not do so. In *Schur* v. *Johnson*, 2 Cal.App.2d 680, 683 [38 P.2d 844], the court stated: "The law will not lend its support to a claim founded upon its violation. . . . No court will lend assistance to one who founds his cause of action upon an illegal act . . . when it appears that the very party who is seeking aid from the court participated in the unlawful purpose. It has been said that the test of its application is whether the plaintiff can establish his case otherwise than through the medium of an illegal transaction to which he himself is a party." ■ The court further stated (p. 684) : "Even if the parties to the suit do not raise the question of the illegality of the transaction upon which the suit is founded, it is the duty of the court to do so on its own motion, when the acts upon which the plaintiff relies appear to be in violation of law." ■ In *Asher* v. *Johnson*, 26 Cal.App.2d 403, 415 [79 P.2d 457], the court said: "The rule is well established without conflict of authorities that when a plaintiff, who is the culpable party, is compelled to disclose the fact that the transaction upon which he relies for recovery is an illegal violation of criminal law, the courts will invariably refuse to determine the controversy, and will leave the offender against the law exactly where he finds himself at the outset of the litigation." ■ The Supreme Court, in *Lee On* v. *Long*, 37 Cal.2d 499, 502-503 [234

P.2d 9], cited these two cases with approval and commented: "As was said in the Schur case at pages 683-684, 'the test of its [the rule's] application is whether the plaintiff can establish his case otherwise than through the medium of an illegal transaction to which he himself is a party.' Likewise illustrative of the courts' attitude towards the enforcement of a demand 'connected with an illegal transaction' is the statement in the Asher case at page 416: 'If the plaintiff cannot open his case without showing that he has broken the law, the court will not assist him, whatever his claim of justice may be upon the defendant.' In such cases, the illegal nature of the transaction creates a 'disability in [the] plaintiff.' (17 C.J.S. § 272, p. 659.)" *Reynolds* v. *Roll*, 122 Cal.App.2d 826, 836 [266 P.2d 222], says: "It is a 'settled principle that the courts will not lend assistance to persons whose claim for relief rests on an illegal transaction.' (*Lee On* v. *Long*," *supra*, p. 500.) To the same effect see also *Lala* v. *Maiorana*, 166 Cal.App.2d 724, 733 [333 P.2d 862].

■ It is apparent from the allegations of plaintiff's second amended complaint that he cannot establish any of his alleged causes of action without revealing that he has violated the law by swearing to the truthfulness of statements made either in the confession or deposition that were in fact false. One or the other of these documents was an integral and essential part of the transaction upon which each of his asserted causes of action was based. In making these false documents plaintiff has committed perjury. He thus comes within the principle that "If the plaintiff cannot prove his case without showing that he has broken the law, the court will not assist him whatever the justice of his claim against the defendant." (*Butler* v. *Agnew*, 9 Cal.App. 327, 332 [99 P. 395]; *Berka* v. *Woodward*, 125 Cal. 119, 127 [57 P. 777, 73 Am.St.Rep. 31, 45 L.R.A. 420]; *Asher* v. *Johnson*, *supra*, p. 417; *Lee On* v. *Long*, *supra*, p. 502.) This rule is founded upon sound public policy. The trial court was therefore correct in sustaining the demurrer without leave to amend.

The cases upon which plaintiff relies are not here apposite. They stand for the proposition that a party may not induce another to transfer property to himself for the purpose of avoiding the actual or potential claim of a third party and then set up the defense that the transferor was guilty of a wrong in making the conveyance to the transferee and thus deny the transferor the right to recover his own property. These decisions, generally speaking, are simply applications

of the well established principles of constructive trusts, for the court sought to prevent the defendant from obtaining property he had secured through his own fraud.

The judgment is affirmed.

Ashburn, J., concurred.