[Civ. No. 6855. Fourth Dist. Nov. 8, 1962.]

ELIZABETH THALEA McINTOSH, Plaintiff and Respondent, v. MAXIE RAYMOND McINTOSH, Defendant and Appellant.

William H. Neblett and E. W. Miller for Defendant and Appellant.

Lucas, Pino & Lucas and Malcolm M. Lucas for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal from a judgment awarding attorney's fees and costs in regard to enforcement of a divorce decree.

## FACTS

By a decree of divorce entered November 24, 1958, defendant was ordered to pay to plaintiff $15 per week for support of each of two minor children and $125 per month for support of plaintiff. On October 21, 1960, defendant was found guilty of contempt for willful failure to obey said order. Defendant petitioned this court for a writ of certiorari and stay of execution which petition was resisted by attorneys employed by plaintiff for that purpose and which petition was denied November 23, 1960. A similar petition was filed with the Supreme Court December 5, 1960, was likewise resisted by attorneys employed by plaintiff for that purpose and was denied.

Thereafter plaintiff's motion for attorney fees and costs in resisting said petitions to this court and to the Supreme Court was duly heard and on April 5, 1961, judgment was rendered ordering defendant to pay $1,000 attorney fees and $232.25 costs.

During the trial, sharply conflicting testimony was had regarding whether plaintiff had written and signed an alleged waiver of alimony voluntarily or involuntarily.

It appears from the record that plaintiff, about November 24, 1959, gave birth to an illegitimate child by a man named Glessner. On December 2, 1959, plaintiff wrote, signed and mailed to defendant a waiver of further alimony and a promise that when the family home (which had been awarded her by the divorce decree) was sold, she would divide the proceeds with defendant. The principal controversy between the parties involves the question of validity of said waiver. Defendant's testimony, if believed, would support the

conclusion that the waiver was voluntary and for a consideration. However, plaintiff testified that on November 13, 1959, defendant beat plaintiff severely, broke part of the furniture, and threatened to kill her; that thereafter defendant made further and repeated threats to kill her, that he would burn her house down, bring her into court on a charge of adultery, and take her son and daughter away from her; that she was afraid then that if she did not send defendant the written waiver defendant would kill or injure her; that immediately prior to her writing of the waiver, defendant telephoned her and dictated its contents; that when she wrote the waiver she was worried sick and didn't know what she was doing. From the foregoing we are satisfied that the trial court was justified in finding that plaintiff was coerced into writing the waiver by fear of personal injury or death at the hands of defendant; that said fear was induced by the beating of November 13, 1959, coupled with the subsequent threats of defendant; that the waiver was not the voluntary act of plaintiff and was invalid. (Civ. Code, § 1567.) ▮ As was said in *Lewis* v. *Fahn*, 113 Cal.App.2d 95, 99-100 [247 P.2d 831], quoting from Corpus Juris Secundum;

" 'Under the modern doctrine there is no standard of courage or firmness with which the victim of duress must comply at the risk of being without remedy; the question is merely whether the pressure applied did in fact so far affect the individual concerned as to deprive him of contractual volition; if it did there is duress, if it did not there is none.' "

And quoting from *Steffen* v. *Refrigeration Discount Corp.*, 91 Cal.App.2d 494, 498 [205 P.2d 727], ". . . Whether the individual acted as a reasonably prudent person is ordinarily a question for the trier of the facts." (See also *Helmick* v. *Thomas*, 187 Cal.App.2d 395, 397 [1] [9 Cal.Rptr. 512]; *Woodham* v. *Allen*, 130 Cal. 194, 200 [62 P. 398].)

It is true that there were many apparent inconsistencies in the testimony of both parties and that the record would have supported a contrary decision by the trial court. But it is not the function of this court to weigh the evidence. The trial court saw and heard the witnesses. As was said in *Sanchez* v. *Sanchez*, 55 Cal.2d 118, 126 [10 Cal.Rptr. 261, 358 P.2d 533], "Our function has been fully performed when we find in the record substantial evidence which supports the essential findings of the trial court."

### Law Violation

■ Defendant next contends that because plaintiff falsely named defendant in giving the information for the birth certificate for the child born November 24, 1959, she is entitled to no relief. We find no merit in this contention. The rule set forth in *Huber* v. *Peek-A-Boot, Inc.*, 189 Cal.App.2d 512, 515 [1] [11 Cal.Rptr. 467], cited by defendant, is simply that the court will not lend assistance to a person who bases his claim for recovery on his own illegal acts. Nothing of this kind is involved in the case at bar. The birth of the illegitimate child was a mere incident in the lives of the parties and was unrelated, as a matter of law, to the claim of plaintiff under the interlocutory decree. No claim was asserted in the proceeding against defendant because of the illegitimate child.

Defendant makes no other points on this appeal.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.