**SNUG HARBOR PACKING COMPANY,
a corporation, Appellant,

v.

R. L. SCHMIDT, Appellee.

No. 452.**

Supreme Court of Alaska.

July 24, 1964.

W. C. Arnold, Anchorage, for appellant.

Wendell P. Kay, Kay & Miller, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

---

4. AS 42.10.010–.430.

5. Lumbermens Mut. Cas. Co. v. Continental Cas. Co., 387 P.2d 104, 112 (Alaska 1963).

DIMOND, Justice.

In May 1954 appellee commenced fishing for salmon with a set net located on Kalifonski beach in Cook Inlet. In the middle of June appellant installed a fish trap which was at one point situated about 550 feet from appellee's net. A fisheries regulation in effect at that time required that the trap and set net be not less than 600 feet apart.[1]

On July 16 both appellee and the trap watchman were arrested and prohibited from fishing by government officers for violating the 600 foot regulation. Appellee's net and the fish that it had caught were confiscated. He tried to fish the same site on later occasions and each time was arrested and had his gear confiscated. Appellee claimed that a total of four nets were taken from him. He made no further efforts to fish this site after the first part of August.

Appellee brought this action for damages against appellant seeking compensation for costs and expenses arising out of the arrests and the confiscation of his gear, and for losses suffered by reason of being prevented from taking fish during the 1954 fishing season. He also asked for punitive damages. The theory of appellee's claim was that under prevailing law he had the exclusive right during the 1954 red and pink salmon fishing season to occupy and fish the site where his set net was located, because on the opening day of the season on June 25 at 6 a. m. appellee had placed his net in operation, whereas appellant's trap was not then completed and ready to fish;[2] and that appellant's action in constructing and operating its trap within the prohibited 600 foot distance from appellee's

net was an unlawful interference with appellee's fishing rights and the cause of appellee being arrested and having his gear confiscated and being prevented from fishing during the remainder of the season. A jury returned a verdict in favor of appellee and judgment was entered against appellant for $7,300 compensatory damages and $3,000 punitive damages. On this appeal three main issues are raised in appellant's brief: (1) whether appellee should be denied damages because his claim arose out of his violation of law; (2) whether the compensatory damages awarded were excessive; and (3) whether it was error for the trial court to instruct the jury as to punitive damages.

Appellant contends that the legal status of both appellant and appellee while fishing their appliances within 600 feet of each other was that of law violators subject to arrest and prosecution as such; that the damages which appellee allegedly suffered when he was arrested and his gear confiscated were the direct result of his having fished unlawfully; and that no damages could be awarded because of a general rule of law founded on public policy that a court will not aid a party whose claim for relief is based upon his own illegal acts.[3] On the other hand, appellee maintains that he was fishing lawfully prior to the time that appellant's trap was installed, and that when the trap was located within 600 feet of his set net in violation of the fisheries regulation it was appellant, and not appellee, who became the law violator.

 Appellee's net was in operation before appellant's trap was completed and had started to fish. Appellant knew this

---

1. Sec. 109.12, part 109, Cook Inlet area—laws and regulations for protection of commercial fisheries of Alaska 1954—regulatory announcement 42, provided as follows:
 "Sec. 109.12 Minimum distance between units of gear. The distance by most direct water measurement from any part of one gill net or seine to any part of another gill net, seine, or trap shall not be less than 600 feet."

2. See cases cited in footnote 4, infra.

3. Huber v. Peek-A-Boot, Inc., 189 Cal.App. 2d 512, 11 Cal.Rptr. 467 (1961); Western Union Telegraph Co. v. McLaurin, 108 Miss. 273, 66 So. 739, 740, L.R.A.1915C, 487 (1914); Levy v. Kansas City, Kan., 168 F. 524, 525-526, 22 L.R.A.,N.S., 862 (8th Cir. 1909).

and conceded it at the trial. Being first in time, appellee had the right to fish the site in controversy to the exclusion of appellant's fish trap so long as. he continued to occupy the site and operate his gear.[4] Appellee was exercising that right and fishing legally when appellant unlawfully trespassed upon the site and commenced the operation of its trap. Appellee continued to fish, despite appellant's trespass, thus insisting on exercising what was his legal right. If appellee's fishing then became unlawful, it was solely because of appellant's unwarranted action in setting and operating its trap within 600 feet of appellee's net. Appellant's unjustifiable interference with appellee's fishing rights was the direct cause of the injury suffered by appellee when he was arrested and his gear confiscated and when he was prevented from taking fish during the remainder of the season. In these circumstances the rule that a court will refuse to aid a party whose claim is based upon his own illegal acts has no application. That rule may not be used as a defense by one like appellant who was directly responsible for appellee's acts becoming illegal—if indeed they were ever illegal at all. What appellant is attempting to do is take advantage of its own wrongful act to prevent appellee from recovering compensation for his injuries. This we shall not permit. Compensatory damages were properly awarded.

■ Appellant complains that the $7,300 verdict for compensatory damages was excessive. We do not find it so. The nature and extent of the injury suffered by appellee as a result of appellant's interference with his fishing rights justified the jury's award.

■ The trial court instructed the jury that they could award punitive damages if they found some willful, wanton or malicious act on appellant's part in disregard of appellee's rights. The giving of this instruction was not error. Appellee testified that while the trap was being installed he observed that one end would be approximately 550 feet from his net. He brought this situation to appellant's attention and asked that the trap be moved so that there would be no violation of the regulation. Appellant refused to change the trap location and proceeded to complete installation so that one end of the trap was within the prohibited distance.

The reason given by appellant for its action was that the trap location was fixed by a war department permit and could not be changed. But there was testimony that in prior years the location of the trap had varied as much as 50 to 60 feet from its 1954 location. From this the jury could have found that the trap location could have been changed in 1954 while it was being installed so that it would not encroach upon appellee's fishing site, and that appellant's refusal to make this change was evidence of a willful or wanton act in disregard of appellee's rights. Other evidence of conduct which would justify an award of punitive damages was appellant's action in the early part of August in removing a portion of the lead on the trap so that the trap no longer was situated within the prohibited 600 foot distance. The reason given by appellant for doing this was "To be sure that the trap was able to fish again at a distance greater than 600 feet from Mr. Schmidt's net." The jury might have found malice or wantonness in appellant's failure to earlier remove a portion of the trap lead so that appellee might have fished his net without being subject to arrest and confiscation of his gear.

The judgment is affirmed.

4. Snug Harbor Packing Co. v. Miller, 15 Alaska 111, 115–116, 123 F.Supp. 150, 152 (D.Alaska 1954); Lewis v. Libby, McNeill & Libby, 14 Alaska 343, 113 F. Supp. 272 (D.Alaska 1953); Lind v. Markley, 13 Alaska 665, 105 F.Supp. 50 (D.Alaska 1952); Fisher v. Everett, 11 Alaska 1, 66 F.Supp. 540 (D.Alaska 1945).