**Thomas D. SCHLAGEL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–7538.**

Court of Appeals of Alaska.

Nov. 9, 2000.

Charles M. Merriner, Anchorage, for Appellant.

Eric A. Aarseth, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

Following a bench trial, Thomas D. Schlagel was convicted of violating 5 AAC 06.358(d)(1)(B), which provides that a "set gillnet may not be set or operated within 150 feet of another set gillnet."  The State concedes that the trial court did not properly apply the "first in time, first in right" rule—a defense to criminal charges for violating the minimum distance between units of fishing gear [1]—to the facts in this case.  Because we find the State's concession to be well founded, we reverse.

■ On June 30, 1999, Schlagel and another fisherman, Byron Lamb, were vying for the same set net site in the Wood River Special Harvest Area. After the opening began, Schlagel was the first to put his net in the water but Lamb deployed some of his net and threw his outward anchor into the river before Schlagel was able to anchor his net. Although it was undisputed that Schlagel was

---

**80.**  *See id.* at 239, 241.

1.  *See Clucas v. State,* 815 P.2d 384, 387–88 (Alaska App.1991).

the first to have a legal net in the water, the trial court found Schlagel guilty of violating 5 AAC 06.358(d)(1)(B) because Lamb was the first to throw his outward anchor in the water.

The State concedes that the trial court did not properly apply the first in time rule. The State agrees with Schlagel that the act that determines who is "first in time" is the first legal web that is placed in the water. According to the State:

> [F]rom an enforcement point of view, the only practical starting point is the first legal web in the water. To try and use the completed set would beg questions such as—can a person anchor only one square web or does it have to be the full allowable length of net.

The State also concedes that Schlagel's conviction should be reversed.

A confession of error by the State is entitled to great weight. Nevertheless, this court must "independently review the proceedings below to ensure that the error confessed is supported by the record on appeal and has legal foundation."[2] We have independently reviewed the record and case law cited by the parties, and agree that the act that determines who is "first in time" is the first legal web that is placed in the water.[3] We find that the trial court erred in concluding that the Schlagel failed to establish the "first in time" defense. Accordingly, Schlagel's conviction is REVERSED.

---

**2.** *Martin v. State,* 797 P.2d 1209, 1218 (Alaska App.1990) (citing *Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972)).

**3.** *See Fisher v. Everett,* 66 F.Supp. 540, 543–44 (D.Alaska 1945); *Snug Harbor Packing Co. v. Miller,* 123 F.Supp. 150, 152 (D.Alaska 1954).